UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS, INC., *et al.*,  )<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>FOOD & DRUG ADMINISTRATION, *et. al.*,  )<br>)<br>)<br>Defendants.  )<br>) | Civil Action No. 07-668 (RCL) |

**DEFENDANTS' NOTICE OF OBJECTION TO
PLAINTIFFS' NOTICE OF RELATED CASE DESIGNATION**

Pursuant to Local Civil Rule 40.5(b)(2), defendants the United States Food and Drug Administration ("FDA"), Andrew C. von Eschenbach, Commissioner of Food and Drug, and the United States of America, respectfully object to the related case designation filed by plaintiffs in this case. Because this case does not satisfy the criteria for relatedness under the Local Civil Rule, it should be returned to the Clerk for random reassignment.

Plaintiffs contend that this case is related to *Judicial Watch, Inc. v. FDA*, No. 07-561 (RCL), which was brought under the Freedom of Information Act ("FOIA") to obtain documents related to the emergency contraceptive product, Plan B. However, this case involves different plaintiffs challenging FDA's drug approval of Plan B under the Administrative Procedure Act ("APA") and the Federal Food, Drug, and Cosmetic Act ("FDCA"). Because there is virtually no overlap between the facts material to the FOIA issues and the facts material to the substantive APA challenge, plaintiffs have failed to sustain their burden of showing that the cases are

related. *See Tripp v. Executive Office of the President*, 194 F.R.D. 340, 342 (D.D.C. 2000) ("The party seeking to avoid random assignment bears the burden of demonstrating that the case is a related case under an applicable subsection of Rule 40.5.").

## BACKGROUND

### A. Plan B

Plan B is an emergency contraceptive drug product, commonly known as the "morning after pill," which is currently marketed by Duramed Research, Inc., a wholly owned subsidiary of Barr Pharmaceuticals, Inc ("Barr"). In 1999, FDA approved a new drug application to market Plan B as a prescription drug. On April 16, 2003, Barr's predecessor submitted a supplemental new drug application ("SNDA") to FDA, requesting that Plan B be converted from ℞-only to non-℞ status. After extensive review by FDA and the submission of multiple amendments to its application by Barr, FDA approved, on August 24, 2006, Barr's amended SNDA, to permit Plan B to be marketed non-℞ to women 18 years of age and older.

In January 2005, a group of reproductive rights advocates and educational groups sued FDA in Federal District Court for the Eastern District of New York seeking a mandatory injunction to require FDA to approve Plan B as a non-℞ product for all women. *Tummino v. von Eschenbach,* No. 05-CV-366 (ERK/VVP). After FDA's August 2006 approval decision, the *Tummino* plaintiffs amended their complaint to seek to require FDA to approve Plan B as a non-℞ product for women under 18 years of age. The parties to that lawsuit are currently briefing cross-motions for summary judgment.

  **B.**  *Judicial Watch, Inc. v. FDA, Civil Action No. 07-561 (RCL)*

Judicial Watch is a "non-profit, educational foundation." *Judicial Watch, Inc. v. FDA*, Civil Action No. 07-561 (RCL), Complaint ¶ 3 ("JW Compl."). By letter dated August 22, 2006, Christopher J. Farrell of Judicial Watch submitted to FDA a FOIA request for "any and/or all communication and/or correspondence between the FDA and Senator Hillary Rodham Clinton, . . . [and/or] any agent and/or representative of Senator Hillary Rodham Clinton, and/or the Office of Senator Hillary Rodham Clinton regarding '.75 levonorgestrel' also sold under the trade name 'Plan B.'" *See* JW Compl. ¶ 5. Judicial Watch sued FDA on March 21, 2007, asking that the Court "order Defendant to search for and produce by a date certain any and all non-exempt records responsive to Plaintiff's FOIA request." *Id*. at 3. Judicial Watch also sought a declaration that FDA's failure to comply with FOIA was unlawful, an injunction against withholding non-exempt records responsive to their request, and attorney fees. *Id*.

 On May 4, 2007, FDA moved to dismiss or for summary judgment. FDA explained that, on April 6, 2007, FDA sent to Judicial Watch all of the records responsive to its request, and did not redact or withhold any documents. Thus, because FDA supplied all documents requested, and Judicial Watch had no entitlement to attorneys fees, the case was moot. In the alternative, to the extent Judicial Watch planned to assert that FDA's search was insufficient, FDA moved for summary judgment supported by four declarations describing its search in detail.[1]

---

[1] On May 30, 2007, Judicial Watch filed an amended complaint to assert claims related to two other FOIA requests, received by FDA on April 20 and 23, 2007, seeking Plan B related communications between FDA and Senators Patty Murray and Michael Enzi, respectively. The government does not expect that these new claims will change the scope of the issues to be resolved in that case.

C.  **The Instant Case**

This suit was initiated by four non-profit groups with interests in health care and reproductive issues. They challenge FDA's August 24, 2006 decision approving Barr's amended SNDA to permit Plan B to be sold non-℞ to adults. Unlike the *Tummino* plaintiffs, who seek FDA approval of Plan B as non-℞ for women under 18 years of age, the *AAPS* plaintiffs seek to vacate FDA approval of Plan B as non-℞ for women 18 years of age and older. AAPS Compl. at ¶ 110(B). The *AAPS* plaintiffs contend that: 1) FDA's approval decision was arbitrary and capricious because the data in the SNDA were insufficient to show safety and effectiveness for adult OTC use; 2) FDA's approval decision violated the FDCA in allowing Plan B to be marketed in both an ℞ and non-℞ version; 3) FDA's age-based decision violated the FDCA; 4) FDA violated the FDCA in creating a "third class" of drug; 5) FDA violated the APA by not engaging in rulemaking ; 6) FDA violated the FDCA by not engaging in rulemaking; and 7) FDA was improperly influenced by political pressure. AAPS Compl. at ¶¶ 77-109.

## DISCUSSION

Local Civil Rule 40.5(a)(3) defines when two pending civil cases are related. The rule is generally intended to promote judicial economy by having one judge consider two logically connected cases. *See Doe v. Von Eschenbach*, No. 06-2131 (EGS) (June 7, 2007 Mem. Op. & Order) (sustaining defendant's objection to notice of related case) (copy attached). Plaintiffs assert that this case is related to *Judicial Watch* because they both involve common issues of fact and grow out of the same event or transaction. *See* Pls.' Notice of Designation of Related Case [Docket Entry No. 2]. Although both complaints mention Plan B and Senator Clinton, and some or all of the plaintiffs may share an interest in FDA's Plan B approval that motivated the filing of

their respective complaints, that is the beginning and end of the overlap. In the *Judicial Watch* case, the subject matter of the request for documents is essentially irrelevant to the legal and factual issues to be determined by the Court in resolving the FOIA claims. At most, the FOIA case should require the Court to determine whether FDA conducted an adequate search for responsive records and produced them. These determinations are wholly independent of the merits of FDA's August 2006 drug approval decision and the procedures FDA employed in making that decision. Accordingly, the two cases do not involve any common issues of fact such that judicial economy would be served by having one judge decide common issues of fact. *Compare Stewart v. O'Neill*, 225 F. Supp. 2d 16, 20 (D.D.C. 2002) ("attenuated and superficial similarities are insufficient"), *with Assiniboine & Sioux Tribe of the Fort Peck Indian Reservation v. Norton*, 211 F. Supp. 2d 157, 159 (D.D.C. 2002) ("It would clearly waste judicial resources to have two separate courts make findings of fact regarding the administration of a single lease.").[2]

Applying a similar analysis concerning leave to amend a complaint, this Court rejected the argument that a FOIA suit is related to a suit challenging the agency decision that was the

---

[2] These cases also do not meet the alternative definition of related cases in subsection (4) of the Local Rule, which provides that two cases may be considered "related" if the cases "involv[e] the same parties and relat[e] to the same subject matter, " even if one of the cases is dismissed. Local Civil Rule 40.5(a)(4). This provision has been strictly construed as requiring "identical parties, not parties in interest." *Judicial Watch, Inc. v. Rossotti*, 2002 U.S. Dist. LEXIS 16574 (D.D.C. 2002) (quoting *Thomas v. Nat'l Football League Players Assoc.*, 1992 U.S. Dist. LEXIS 1607 (D.D.C. 1992)); *see also Stewart v. O'Neill*, 225 F. Supp. 2d 16, 20 n.1 (D.D.C. 2002); *Dale v. Executive Office of the President*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000). Here, the plaintiffs in these two cases are not identical; the only commonality that plaintiffs here allege is that Judicial Watch and these plaintiffs have shared FDA documents regarding Plan B which were obtained under the FOIA and equally available to the plaintiffs as to Judicial Watch. *See* Pls.' Notice of Designation of Related Case [Docket Entry No. 2] at 2. Thus, the cases are not related within the meaning of subsection (4).

subject of the FOIA request. *Mississippi Ass'n of Coop. v. Farmers Home Admin.*, 139 F.R.D. 542 (D.D.C. 1991). In that case, plaintiff brought suit under FOIA seeking agency documents related to claims of race discrimination. *Id*. at 542. Several months later, after much of the FOIA claim had been litigated, plaintiff sought to amend the complaint to add APA and civil rights claims. *See id*. Plaintiff asserted that the substantive claims were intertwined with the FOIA claims because the agency's failure to comply with FOIA was motivated by its racially discriminatory policies. *Id*. at 544-45. Among other things, defendant argued that leave to amend should be denied because the substantive claims were so different that, if filed as a new case, the newly added claims would not qualify as a related case under the Local Rules. *See id*. at 545. Judge Greene explicitly accepted that argument and explained:

> The issues are related, however, in only the most abstract, global sense. While ultimately the plaintiff's claims may rest in a single policy at the agency, the facts to be proven in each case -- failure to comply with FOIA requests, on the one hand, and discriminatory treatment of individuals, on the other -- are quite distinct and unrelated. Indeed, at some abstract level nearly any set of cases could be said to be based, in some sense, in a common set of facts.

*Id*. at 546 (denying plaintiffs' motion for reconsideration). Likewise in this case, any facts to be proven in the FOIA case are distinct and unrelated to the facts related to the substantive challenge to the approval of a drug application. Consequently, plaintiffs' action is not properly considered as related to *Judicial Watch* for purposes of Local Civil Rule 40.5(a)(3).

Finally, although plaintiffs did not check the box for "relates to common property," the narrative portion of their Notice of Designation suggests that the two cases "arguably relate to 'common property.'" Notice of Designation at 2. Even if the Court were to consider that prong of Local Civil Rule 40.5(a)(3), the cases are still unrelated. Plaintiffs' common property theory depends on the notion that the FOIA documents requested by Judicial Watch should be part of

the administrative record in this case. *See id*. Plaintiffs offer no legal authority in support of their novel notion that the administrative record is common property; indeed, the term "common property" at least intuitively suggests that the Court would be called upon to decide the ownership or disposition of some real or personal piece of property. Undersigned counsel is not aware of any authority in support of plaintiffs' proposition. Moreover, if plaintiffs' theory were accepted, then parties contemplating bringing actions under the APA would have every incentive to make a request in advance for the documents which might be eventually placed in the administrative record, and then file a FOIA lawsuit challenging any response in an attempt to secure a particular judge. The Local Rule is not designed to be manipulated in this manner. *See Howard v. Gutierrez*, 405 F. Supp. 2d 13, 16 (D.D.C. 2006) ("[T]he Court reads the language of the Rule as restricting the designation of related cases to those that are related in the present, not in the possible future. If not, as the defendant points out, plaintiffs would have the option of judge shopping by filing motions to amend complaints in earlier lawsuits concurrent with filing unrelated lawsuits."); *see also Sculimbrene v. Reno*, Civil Action No. 99-2010, Memorandum and Order at 2 (D.D.C. Jan. 24, 2000) (Lamberth, J.) ("Local Rule 40.5 is intended to constitute an exception to the normal judicial policy of random assignment of cases, and it does not contemplate the kind of wide-ranging exception plaintiff seeks . . .").

**CONCLUSION**

Because plaintiffs have failed to sustain their burden of demonstrating that this case is related to *Judicial Watch* under Local Rule 40.5, this case should be returned to the Clerk for random reassignment.

Dated: June 12, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
_____
JANE LYONS, D.C. Bar. # 451737
Assistant United States Attorney
555 Fourth St., N.W. - Room E4822
Washington, D.C.  20530
Phone: (202) 514-7161

OF COUNSEL:

DANIEL MERON
General Counsel

SHELDON T. BRADSHAW
Associate General Counsel, Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation

KAREN E. SCHIFTER
Associate Chief Counsel, Litigation
U.S. Dept. of Health & Human Services
Office of the General Counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
JOHN DOE #1, et al.,            )
                                )
            Plaintiffs,         )
                                ) Civil Action No. 06-2131 (EGS)
      v.                        )
                                )
ANDREW C. VON ESCHENBACH,       )
Commissioner, Food and Drug     )
Administration, et al.,         )
                                )
            Defendants.         )
_____)
```

**MEMORANDUM OPINION AND ORDER**

This lawsuit was filed on December 13, 2006, by four members of the U.S. Armed Forces and two federally employed civilians to challenge the renewed implementation of the Department of Defense's Anthrax Vaccination Immunization Program based on the approval of the defendant Food & Drug Administration ("FDA"). Plaintiffs designated this case as related to *Doe v. Rumsfeld*, 341 F. Supp. 2d 1 (D.D.C. 2004), *appeal dismissed as moot by* 172 Fed. Appx. 327 (D.C. Cir. 2006) (hereinafter referred to as "Anthrax I"). In *Anthrax I*, a case in which the plaintiffs also challenged the Department of Defense's Anthrax Vaccination Immunization Program, the only matter remaining before the Court is the plaintiffs' motion for attorneys' fees. For this reason, defendants object to the related case designation.

1

## ANALYSIS

The general rule requiring random assignment of cases "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000). In some cases, however, the interests of judicial economy served by the related case rule, Local Civil Rule 40.5, outweigh the fundamental interests served by the random assignment rule. *Id.* Rule 40.5 allows "related cases" to be assigned to the same judge when they "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). In order to be related, the earlier case must be "still pending on the merits." *Id.* Additionally, a case is "deemed related where a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter." LCvR 40.5(a)(4).

When a party notifies the Clerk of a related case at the time of filing, the Clerk assigns the case to the judge to whom the older related case is assigned. LCvR 40.5(c)(1). Where a party objects to a designation that cases are related, the question is determined by the judge to whom the case is

2

assigned. LCvR 40.5(c)(3). The party who seeks to avoid random assignment bears the burden of showing that the cases are related under Rule 40.5. *Tripp v. Executive Office of the President*, 194 F.R.D. 340, 342 (D.D.C. 2000).

This case is not related to *Anthrax I* under Rule 40.5(a)(3) because *Anthrax I* is no longer "pending on the merits." Although, the motion for attorneys' fees is still pending in *Anthrax I*, litigation over attorneys' fees is not generally considered to be part of the merits of a case. *See Kaseman v. Dist. of Columbia*, 444 F.3d 637, 641 (D.C. Cir. 2006) ("a request for statutory attorneys' fees raises issues 'collateral to' yet 'separate from' the merits of a case"). Thus, in rejecting a related-case designation to an earlier case where the court had approved a consent decree, a colleague on of this Court stated that "[t]o conclude otherwise would allow plaintiffs to file related cases for years afterwards so long as the court retained jurisdiction to consider attorneys' fees applications . . . ." *Keepseagle v. Glickman*, 194 F.R.D. 1, 2 (D.D.C. 2000). In addition, the court noted that, "except in unusual circumstances, a case cannot still be pending on the merits in the district court once an appeal has been properly taken because the case would not be appealable absent a final judgment." *Id.* at 3. *Anthrax I* was properly appealed after this Court's 2004 opinion and order entering an injunction, which further demonstrates that

3

*Anthrax I* is no longer pending on the merits.

Plaintiffs' counter-argument is that *Anthrax I* should still be considered to be pending on the merits because defendants' opposition to the request for attorneys' fees rests in part on the argument that defendants' position was "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). Plaintiffs thus argue that the attorneys' fees motion will "relitigate" the merits of the case. Plaintiffs' argument fails because the question of substantial justification is not the same as the actual merits of the case. *See Taucher v. Brown-Hruska*, 396 F.3d 1168, 1173 (D.C. Cir. 2005) ("The statutory structure assumes that the government can lose on the merits and nevertheless be found to have taken a substantially justified position."). Therefore, *Anthrax I* is not still pending on the merits.

This case is also not related to *Anthrax I* under Rule 40.5(a)(4), the second and less common relation provision, because *Anthrax I* was not dismissed. Even if, as plaintiffs argue, this case can be considered to have the same parties and the same subject matter as *Anthrax I*, Rule 40.5(a)(4) is inapplicable because *Anthrax I* has not been dismissed; as discussed, it is still ongoing.

## CONCLUSION

For the foregoing reasons, defendants' objection to plaintiffs' related case designation is sustained, and it is

4

hereby **ORDERED** that this case is transferred to the Calender Committee for random reassignment.

**SO ORDERED.**

Signed:   Emmet G. Sullivan
          United States District Judge
          June 7, 2007