**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASSOCIATION OF AMERICAN PHYSCIANS & SURGEONS, INC., *et al.,*    ) <br>                ) <br>     Plaintiffs,          ) <br>                ) <br>     v.                 ) <br>                ) <br> FOOD & DRUG ADMINISTRATION, *et al.,*   ) <br>                ) <br>     Defendants.         ) | Civil Action No. 07-0668-RCL |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF OBJECTION**
**TO PLAINTIFFS' NOTICE OF RELATED CASE DESIGNATION**

In a notice filed on June 12, 2007, the Defendants[1] objected to Plaintiffs' designating this action as "related" to *Judicial Watch v. FDA,* No. 07-561-RCL (D.D.C.), under Local Rule 40.5. In their notice, Defendants ask the Court to return this action to the Clerk for random assignment under Local Rule 40.3. For the reasons set forth below, this action is "related" to *Judicial Watch* under Rule 40.5, which renders Rule 40.3 inapposite by its express terms.

---

[1]     Defendants in this action are the Food & Drug Administration ("FDA"), its Commissioner in both in his official capacity and in his individual capacity under color of legal authority, and the United States. Compl. ¶7. To date, attorneys have appeared only on behalf of FDA, its *official-capacity* Commissioner, and the United States. *See* Praecipe, at 1 (June 12, 2007) (appearing for "Food & Drug Administration, Andrew C. Von Eschenbach, Commissioner of Food and Drugs, in his official capacity, and United States of America"); LCvR 83.6(a). Whether the distinction between official-capacity and individual-capacity officer suits retains any difference is unclear. *See, e.g., Stafford v. Briggs,* 444 U.S. 527, 539 (1980) ("By including the officer or employee, both in his official capacity and acting under color of legal authority, the committee intends… to include also those cases where the action is nominally brought against the officer in his individual capacity even though he was acting within the apparent scope of his authority and not as a private citizen. *Such actions are also in essence against the United States but are brought against the officer or employee as an individual only to circumvent what remains of the doctrine of sovereign immunity.*") (emphasis in original, citations and quotations omitted). Because counsel has not "appeared" for Dr. von Eschenbach individually, LCvR 83.6(a), Plaintiffs will serve him outside this Court's CM/ECF system, through the General Counsel of the Department of Health & Human Services ("HHS"), 45 C.F.R. §4.3, notwithstanding that he arguably joined in filing the Defendants' notice.

## BACKGROUND

In this action, Plaintiffs Association of American Physicians & Surgeons, Inc., Concerned Women for America, Family Research Council, and Safe Drugs for Women challenge (1) the FDA Defendants' approval of a Supplemental New Drug Application ("SNDA") for levonorgestrel tablets, 0.75 mg (hereinafter "Plan B") for age-bifurcated, dual prescription and over-the-counter ("Rx-OTC") distribution, (2) their proceeding without certain required rulemakings, and (3) their deciding (or appearing to decide) to take the foregoing agency action and inaction under improper legislative pressure from Senators Clinton and Murray in the form of a "hold" on Dr. von Eschenbach's confirmation as FDA Commissioner. As explained below, the political-pressure argument not only constitutes an independent count, *see, e.g., District of Columbia Fed'n of Civic Ass'ns v. Volpe,* 459 F.2d 1231, 1246 (D.C. Cir.); *ATX, Inc., v. U.S. Dep't of Transp.,* 41 F.3d 1522, 1527 (D.C. Cir. 1994), but also supports arbitrariness and capriciousness on the other counts.

By way of background, the FDA Defendants' approval of Plan B for age-bifurcated, dual Rx-OTC distribution was the first such approval. When Plan B's sponsor first proposed that approach, the FDA Defendants initiated an advanced notice of proposed rulemaking ("ANPRM") in 2005 to address "three difficult and novel issues" presented by that distribution approach. Compl. ¶¶52-53 (quoting FDA's former Commissioner). Plaintiffs participated in that ANPRM process, Compl. ¶54, submitting comments that mirror much of their Complaint in this action. To lift the Senators' hold and obtain Defendant von Eschenbach's desired confirmation, however, the Defendants had to take final action on Plan B without the delay of a rulemaking. Compl. ¶57. On the literal eve of Dr. von Eschenbach's confirmation hearing before the Senate Committee on which the two Senators serve, the Defendants suddenly resolved without

explanation the "three difficult and novel issues." Compl. ¶56. Deprived of the orderly rulemaking forum in which to press the substantive argument in their ANPRM comments, Plaintiffs filed this lawsuit. In doing so, Plaintiffs designated *Judicial Watch* as a related case.

**Local Rules 40.3 and 40.5**

Local Rule 40.3 provides that "[e]xcept as otherwise provided by these Rules, civil… cases shall be assigned to judges of this court selected at random." LCvR 40.3(a). Local Rule 40.5 requires the plaintiff in a civil action to notify the Court of the existence of a "related case" when filing the complaint, LCvR 40.5(b)(2), which the Court assigns to the judge to whom the oldest related case is assigned. LCvR 40.5(c)(1). The Court *sua sponte* may transfer the new case to the Calendar Committee upon determining that the cases in question are not related. *Id.* In addition, the defendant may object to the related-case designation by filing and serving that objection with its first responsive pleading or motion. LCvR 40.5(b)(2). Local Rule 40.5 defines a "related case" in pertinent part as follows:

> Civil… cases are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent.

LCvR 40.5(a)(3). Where an action involves the same parties and the same subject matter as a dismissed action, the new case is related to the dismissed case. LCvR 40.5(a)(4).

***Judicial Watch* and *Tummino* Litigation**

Although the *Judicial Watch* plaintiff, Family Research Council, and Concerned Women for America historically have shared FDA documents related to FDA's approval of abortifacients, *see, e.g.,* Family Research Council, *Politicized Science: The Manipulated Approval of RU-486 and Its Dangers to Women's Health,* at 1 n.† (2007), the Plaintiffs here and

the *Judicial Watch* plaintiff did not coordinate the filing of their respective lawsuits. Joseph Decl. ¶2. At the time that Plaintiffs filed this action, *Judicial Watch* challenged FDA's denial of its Freedom of Information Act ("FOIA") request for correspondence related to Senator Clinton's hold. (Subsequently, an amended complaint expanded the *Judicial Watch* litigation to address Senator Murray and the then-Chair of their Committee, Senator Enzi.) The materials requested by the *Judicial Watch* FOIA constitute the non-exempt portion of the administrative record for Count VII of Plaintiffs' Complaint.

Consistent with Plaintiffs' related-case designation form, the Defendants' notice discusses *Tummino v. von Eschenbach,* No. 05-00366-ERK-VVP (E.D.N.Y.), without describing that case as related. Defs.' Notice, at 2. As Plaintiffs here understand it, the *Tummino* plaintiffs challenge denial of their rulemaking petition and non-final action that FDA allegedly took during the processing of the final SNDA that Plaintiffs here challenge. Because the SNDA sponsor acquiesced to any such agency action, without challenging them, and amended its SNDA in the manner opposed by the *Tummino* plaintiffs, Plaintiffs here do not understand the SNDA portion of the *Tummino* litigation as either justiciable or related to this action. If anything, the *Tummino* plaintiffs appear to have a grievance with the SNDA's sponsor for acquiescing to FDA. In any event, assuming *arguendo* that this action and *Tummino* involve the same "subject matter," that broader test applies only to actions filed by the *same parties.* LCvR 40.5(a)(4); Defs.' Notice, at 5 n.2 (citing cases); *Collins v. Pension Benefit Guaranty Corp.,* 126 F.R.D. 3, 8 (D.D.C. 1989) (recognizing that LCvR 40.5(a)(4)'s same-subject matter test is "perhaps stronger" than the analogous LCvR 40.5(a)(3) test).

## ARGUMENT

At the outset, the Defendants do not dispute that *Judicial Watch* was pending on the merits when Plaintiffs filed this action, *see* LCvR 40.5(a)(3), and the Plaintiffs do not dispute that this action and *Judicial Watch* do not involve the "same parties," *see* LCvR 40.5(a)(4); Defs.' Notice, at 5 n.2. Thus, the resolution of this issue hinges on the first three criteria of Rule 40.5(a)(3).[2] Before addressing those three criteria, Plaintiffs first address the interplay between Rule 40.3 on random assignment and Rule 40.5 on related cases.

In two opinions, this Court's Calendar Committee has associated random assignment under Rule 40.3 with fundamental due-process goals (*e.g.,* integrity of the judicial process, fair and equal distribution of cases), while relegating Rule 40.5 to the expediency of judicial economy. *Tripp v. Executive Office of the President,* 196 F.R.D. 201, 202 (D.D.C. 2000); *Dale v. Executive Office of the President,* 121 F.Supp.2d 35, 37 (D.D.C. 2000). Notwithstanding the lesser goals that the Calendar Committee attributes to Rule 40.5, Plaintiff respectfully submits that when a case qualifies as "related" under Rule 40.5's express terms, Rule 40.3's random-assignment provisions do not apply by their express terms: "*[e]xcept as otherwise provided by these Rules,* civil… cases shall be assigned to judges of this court selected at random." LCvR

---

[2]     The fourth criterion (validity or infringement of the same patent) is not relevant by its terms, LCvR 40.5(a)(3)(iv), except to the extent that its negative implication underscores that separate challenges over the same agency action *other than a patent* need not qualify as related. Likewise, and because it hinged on whether an earlier case still was pending on the merits at the time that the plaintiff designated it as "related," the decision that Defendants attach as an exhibit is wholly irrelevant here. *See* Defs.' Notice, Ex. 1, at 2-4 (*Doe v. von Eschenbach,* No. 06-2131-EGS (D.D.C. June 7, 2007)).

40.3(a) (emphasis added). While the importance of Rule 40.3's goals may inform one's views on the expansiveness of Rule 40.5's terms, that cannot displace Rule 40.5's plain terms.[3]

**Common Issues of Fact**

In this action, the Plaintiffs will move this Court to order the FDA Defendants to certify the administrative record on which they acted to approve the SNDA. *See* 5 U.S.C. §706 ("court [reviewing agency action] shall review the whole record"); Joseph Decl. ¶3. In light of Count VII of the Complaint, Plaintiffs' motion will ask this Court to order the FDA Defendants to include within that record any documents related to the holds placed on Dr. von Eschenbach's nomination by Senators Clinton and Murray. As such, the administrative record will include the documents requested by the *Judicial Watch* FOIA request (*i.e.,* correspondence between Senator Clinton and the FDA Defendants over her hold on Dr. von Eschenbach's nomination). While overlapping discovery may not render two cases "related" under the common-fact test, *Tripp v. Executive Office of the President,* 196 F.R.D. 201, 202 (D.D.C. 2000), Plaintiffs are not referring

---

[3]     The judges of this Court retain the power to amend the local rules to establish a hierarchy of relatedness. FED. R. CIV. P. 83(a)(1); *see, e.g., Lowry Economic Redevelopment Authority v. U.S.,* 71 Fed. Cl. 549, 552-53 & n.7 (2006) (discussing local rules that distinguish between "*directly related* cases" and "*indirectly related* cases") (emphasis in original); *see also Franconia Associates v. U.S.,* 61 Fed.Cl. 335, 337 (2004) ("'Directly-related cases' essentially are assigned to a single judge, while 'indirectly-related cases' are subject to coordination among the judges to whom they are assigned"); *Rosati's Franchise Systems, Inc. v. Rosati,* 2006 WL 163145, *10 (N.D. Ill. 2006) (local rule imposes additional requirement that "the cases are susceptible of disposition in a single proceeding"); *U.S. v. Escobar,* 803 F.Supp. 611, 619 (E.D.N.Y. 1992) (local procedures require similarity of facts and legal issues that likely would result in substantial saving of judicial resources); ; *cf. Brieger v. Tellabs, Inc.,* 434 F.Supp.2d 567, 570 (N.D. Ill. 2006) (for cases related by overlapping discovery, local procedures allow judicial reassignment limited to discovery). Until the judges of this Court adopt such a new rule, however, cases are either related or not: there is no independent, subjective test for whether cases are *sufficiently* related to trump the weightier goal of random assignment.

merely to overlap under the liberal rules of discovery (*i.e.,* information that may lead to discovery of relevant information). *See id.* (*quoting* FED. R. CIV. P. 26(b)(1)).

Instead, both *Judicial Watch* and this litigation will require the FDA Defendants to identify the same documents as part of the FOIA response in *Judicial Watch* and the certification of the administrative record here. *Cf. U.S. v. Smith,* 1990 WL 91611, *1 (D.D.C. 1990) (identifying overlapping evidence as factor in finding cases related); *Franconia Associates v. U.S.,* 61 Fed.Cl. 335, 336 (2004) ("the common question test, is usually easily satisfied, particularly since there must be only one such overlapping question"). Thus, the common issue of fact is the existence of the documents certified and produced and the completeness of that certification and production.[4]

Defendants place considerable reliance on *dicta* from *Mississippi Ass'n of Cooperatives v. Farmers Home Admin.,* 139 F.R.D. 542 (D.D.C. 1991). *See* Defs.' Notice, at 5-6. In that case, a plaintiff sought leave under Rule 15(a) to amend its complaint in an almost-concluded FOIA lawsuit to challenge some of the conduct revealed in the FOIA responses. Judge Greene held that "justice does not require leave to amend under Rule 15(a)" for such a "distinctly separate action." *Id.* at 545. Responding to an argument made by analogy ("[i]n a similar vein"), the decision states that "plaintiff's new claims do not meet [the] criteria [of former Rule 405(a)(3)]." *Id.; accord id.* at 546 (denial of motion for reconsideration). "The issue… [in *Mississippi Ass'n of Cooperatives,* however, was] whether the proposed amended complaint is so unrelated to the

---

[4]    Defendants suggest that Plaintiffs' view would enable plaintiffs to game the judicial-selection system by filing FOIA litigation before substantive litigation, to secure a favorable judge. Defs.' Notice, at 7. Under Plaintiffs' view, however, such gamesmanship would be no more or less likely to secure a particular judge: when such plaintiffs filed their second case, Rule 40.5 would require their assignment to the randomly selected judge from the first case.

original cause of action as to have no substantive connection to the FOIA claims and would radically alter the nature and scope of the case." *Id.* at 544. As defined, the issue thus was not whether the cases qualified as related for purposes of *judicial assignment,* but whether they qualified as related for purposes of *consolidation* via an amended complaint under Rule 15(a)'s when-justice-requires standard. Indeed, all of the relevant cases that cite *Mississippi Ass'n of Cooperatives* concern leave to amend under Rule 15(a), not relatedness under LCvR 40.5 or its analogs in other jurisdictions.[5]

Despite its *dicta* by analogy on the related-case rule, *Mississippi Ass'n of Cooperatives* concerns consolidation, not related-case status. For consolidation or joinder cases, Rule 20(a) poses a two-part test: (1) whether the claims are logically related, and (2) whether they share a question of law or fact. *See, e.g., M.K. v. Tenet,* 216 F.R.D. 133, 141-42 (D.D.C. 2002); *Disparate v. Corporate Executive Board,* 223 F.R.D. 7, 10-11 (D.D.C. 2004).

> The second prong of Rule 20(a) [namely, whether "any question of… fact common to all [plaintiffs] will arise"] requires only that there be some common question of… fact as to all of the plaintiffs' claims, not that all legal or factual issues be common to all plaintiffs.

*Disparate,* 223 F.R.D. at 11; *M.K.,* 216 F.R.D. at 142 (same); 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §1653 (3rd

---

[5]     *See City of Williams v. Dombeck,* 203 F.R.D. 10, 13 (D.D.C. 2001); *Szymanski v. Drug Enforcement Admin.,* 1993 WL 433592, *2-*3 (D.D.C. 1993); *Coleman v. Unknown Cent. Intelligence Agents,* 2006 WL 2506631, *3 (D.D.C. 2006); *Am. Registry of Pathology v. Ohio Cas. Ins. Co.,* 401 F.Supp.2d 75, 77 (D.D.C. 2005); *Hunt v. Depuy Orthopaedics, Inc.,* 2005 WL 3273124, *1 (D.D.C. 2005); *Boyd v. Grassmick,* 216 F.R.D. 166, 167-68 (D.D.C. 2003); *Thomas v. Principi,* 265 F.Supp.2d 35, 40 n.5 (D.D.C. 2003); *Childers v. Mineta,* 205 F.R.D. 29, 32 (D.D.C. 2001); *Flynn v. Health Advocate, Inc.,* 2004 WL 1588235, *4 (E.D. Pa. 2004). The other citations to *Mississippi Ass'n of Cooperatives* concern the general standards for reconsideration.

ed.1998 & Supp. 2007) (same). Unlike Rule 20(a), the Court's related case rule poses its criteria *in the alternative,* and any one of them qualifies the cases as "related." *Compare* FED. R. CIV. P. 20(a) *with* LCvR 40.5(a)(3). Thus, cases can qualify as "related" by common facts without their claims being logically related.

Similarly, and contrary to the *dicta* in *Mississippi Ass'n of Cooperatives* on related-case status, the related-case rule does not require the Court to *join* the two actions, only to *hear* them both. *Compare* LCvR 40.5(a)-(c) (related cases) *with* LCvR 40.5(d) (consolidated cases). The situation here presents the excluded middle not at issue in *Mississippi Ass'n of Cooperatives:* namely, assignment to the same judge, without consolidating the cases. *See, e.g., Judicial Watch, Inc. v. Clinton,* 880 F.Supp. 1, 14 (D.D.C. 1995) (denying Rule 15(a) motion to consolidate new FOIA claim, but nonetheless recognizing the new FOIA case as *related* to the current case); *Nationwide Mut. Ins. Co. v. Liberatore,* 408 F.3d 1158, 1161 (9th Cir. 2005) ("cases were not consolidated, but were assigned as related cases to be heard, with the parties' consent, by a magistrate judge"). Also, as a factual matter, the completeness of the FOIA response was no longer in question in *Mississippi Ass'n of Cooperatives,* but remains in question in *Judicial Watch.* For the foregoing reasons, *Judicial Watch* and this case share a common issue of fact and, thus, are "related" under Local Rule 40.5.

**Common Property**

Although Plaintiffs did not check the common-property box on this Court's Form CO-932, they noted on the reverse that this action may concern common property if the *Judicial Watch* plaintiff has a property interest in the documents that it requested under FOIA. Although Plaintiffs here likely do not have a *property* interest in the administrative record to the agency action that Plaintiffs here challenge, this action arguably would "relate to" the *Judicial Watch*

plaintiff's property interest in the requested documents because this action will require the Defendants to certify the administrative record on which they acted. While arguable, the common-property test is essentially derivative of the common-facts test, *supra.*

**Same Event or Transaction**

For the reasons discussed under the heading of "Common Issues of Fact," this action "grows out of the same event or transaction" as used on this Court's Form CO-932. Specifically, this action and *Judicial Watch* both grow out of the political pressure exerted by Senator Clinton. If the Court construes the same-event/transaction test narrowly to mean that the litigation challenges the same discrete *agency action,* then the denial of the *Judicial Watch* FOIA request apparently would not grow out of the same event or transaction as an improperly pressured SNDA approval.[6] *But see Collins v. Pension Benefit Guaranty Corp.,* 126 F.R.D. 3, 7 (D.D.C. 1989) (same issue arising in discrete agency actions constitutes same event or transaction). As with the common-property test, *supra,* the same-event/transaction test is arguable, but essentially derivative of the common-facts test, *supra.*

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs respectfully submit that this action and *Judicial Watch* are related cases within the meaning of Rule 40.5, which renders Rule 40.3 inapposite by its express terms.

---

[6]    At this point, Plaintiffs do not have evidence to support a claim that the Defendants are engaged in obstruction (*i.e.,* the *Judicial Watch* FOIA denial) that results from the same improper pressure that led (or appeared to lead) to their approval of Plan B for age-bifurcated, dual Rx-OTC distribution without the require rulemakings.

Dated: June 25, 2007                Respectfully submitted,


                                /s/ Lawrence J. Joseph
                              Lawrence J. Joseph, D.C. Bar No. 464777

                              2121 K Street, NW, Suite 800
                              Washington, DC 20037
                              Telephone: (202) 669-5135
                              Telecopier: (202) 318-2254

                              *Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of June 2007, I electronically filed the foregoing "Plaintiffs' Response to Defendants' Notice of Objection to Plaintiffs' Notice of Related Case Designation" and its exhibit with the Clerk of the Court using the CM/ECF system, which I understand to have caused service of Jane Lyons of the U.S. Department of Justice, on behalf of defendants Food & Drug Administration, Andrew C. von Eschenbach, Commissioner of Food and Drugs, in his official capacity, and United States of America. In addition, I hereby certify that I caused one copy of the foregoing documents to be served on the following by U.S. Mail, postage prepaid:

The Hon. Andrew C. von Eschenbach, in his individual capacity
     **SERVED:** Daniel Meron, Esq., General Counsel (pursuant to 45 C.F.R. §4.3)
Department of Health & Human Services
200 Independence Avenue, S.W.
Washington, DC 20201

/s/ Lawrence J. Joseph
Lawrence J. Joseph

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASSOCIATION OF AMERICAN PHYSCIANS & SURGEONS, INC., *et al.,* | ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 07-0668-RCL |
| FOOD & DRUG ADMINISTRATION, *et al.,* | ) ) |
| Defendants. | ) ) |

**DECLARATION OF LAWRENCE J. JOSEPH**

I, Lawrence J. Joseph, hereby declare and state as follows:

1.      I am over 18 years of age, and I am not a party to this action. I reside in McLean, Virginia, and I am counsel for plaintiffs Association of American Physicians & Surgeons, Inc., Concerned Women for America, Family Research Council, and Safe Drugs for Women in the above-captioned action.

2.      To the best of my knowledge, the plaintiffs in this action were unaware of the *Judicial Watch v. FDA,* No. 07-561-RCL (D.D.C.), litigation until after a press release appeared via Standard Newswire on or about March 27, 2007. Moreover, I personally was unaware the *Judicial Watch* litigation until I received a copy of the foregoing press release on March 27, 2007. At that time, I was working with an affiant to finalize an affidavit to attach to the complaint and working to complete the facts section of the complaint for filing in early to mid April, 2007.

3.      As plaintiffs' counsel in the above-captioned action, I intend to file a motion to compel the defendants to certify the administrative record not only of their approval of Supplemental New Drug Application ("SNDA") for levonorgestrel tablets, 0.75 mg (hereinafter "Plan B"), but also of their consideration and rejection of the need for rulemakings in advance of that approval and of their knowledge of, communications and deliberations regarding, and

responses to the senatorial holds placed on Dr. von Eschenbach's confirmation as Commissioner

of Food and Drugs pending final action on the SNDA for Plan B.

      4.     I have personal knowledge of the foregoing and am competent to testify to it at

trial.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 25th day

of June, 2007.

_____

Lawrence J. Joseph