**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS & SURGEONS, INC., *et al.,* | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 07-0668-JDB |
| FOOD & DRUG ADMINISTRATION, *et al.,* | ) ) | |
| Defendants, | ) | |
| and | ) | |
| DURAMED PHARMACEUTICALS, INC., | ) ) | |
| Defendant-Intervenor. | ) | |

<u>**MOTION TO CERTIFY ADMINISTRATIVE RECORD**</u>

Plaintiffs in the above-captioned action respectfully move this Court to order defendants Food & Drug Administration ("FDA") and its Commissioner to certify, file with the Court, and serve on the plaintiffs a copy of the administrative record on which they based the actions and inaction challenged here. The undersigned plaintiffs' counsel has conferred with counsel for the federal defendants and counsel for defendant-intervenor, and they have indicated that their clients would oppose a motion to certify the record until the Court finds subject-matter jurisdiction – and particularly plaintiffs' standing – for this action.

By way of background, Plaintiffs Association of American Physicians & Surgeons, Inc., Concerned Women for America, Family Research Council, and Safe Drugs for Women challenge both the substance and the procedure of the federal defendants' approval of a Supplemental New Drug Application ("SNDA") for levonorgestrel tablets, 0.75 mg (hereinafter "Plan B") for age-bifurcated, dual prescription ("Rx") and over-the-counter ("OTC") distribution. In addition to the challenging the substance of this first-ever approval of a single drug product for simultaneous Rx-OTC distribution, plaintiffs challenge FDA's failure to conduct rulemakings under the Administrative Procedure Act ("APA") and the Federal Food,

Drug & Cosmetic Act ("FFDCA"), as well as defendants' taking these actions – or appearing to take them – as the result of improper political pressure (namely, holds placed on placed on Dr. von Eschenbach's confirmation as FDA Commissioner) with a direct nexus to the challenged substantive SNDA approval. *See, e.g., District of Columbia Fed'n of Civic Ass'ns v. Volpe,* 459 F.2d 1231, 1246 (D.C. Cir.); *ATX, Inc., v. U.S. Dep't of Transp.,* 41 F.3d 1522, 1527 (D.C. Cir. 1994). Accordingly, in addition to the administrative record for the SNDA, the record here includes any and all Executive Branch documents related to FDA's decision not to pursue the rulemakings that FDA's advanced notice of proposed rulemaking contemplated (and which Dr. von Eschenbach terminated at his confirmation hearing) and any and all Executive Branch documents related to the holds that Senators Clinton and Murray placed on Dr. von Eschenbach's confirmation.

As an action on an administrative record, the meet-and-confer and discovery rules do not apply here. LCvR 16.3(b); FED. R. CIV. P. 16(b), 26(a)(1)(E), 26(f). Instead, "[t]he Administrative Procedure Act and the cases require that the complete administrative record be placed before a reviewing court." *NRDC v. Train,* 519 F.2d 287, 291 (D.C. Cir. 1975) (*citing* 5 U.S.C. §706 and *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 419-21 (1971)). Under the APA and *Overton Park,* judicial review "[is] based on the full administrative record that was before the [agency] at the time [it ] made [its] decision." *Overton Park,* 401 U.S. at 419-20*; see also Walter O. Boswell Memorial Hosp. v. Heckler,* 749 F.2d 788, 792 (D.C. Cir. 1984) ("to review an agency's action fairly, [a court] should have before it neither more nor less information than did the agency when it made its decision"). Without an administrative record, "the district court [will] not have the opportunity to consider the [agency actions'] legality in terms of that record or the APA and the case law under it," *Perot v. FEC,* 97 F.3d 553, 561 (D.C.

Cir. 1996), leaving this litigation "simply not in a posture to permit an important question of this sort to be properly adjudicated." *Id.* "Surely [it is] not sufficient" for a "district court… to have relied on the parties' written or oral representations to discern the basis on which the FDA acted." *Am. Bioscience, Inc. v. Thompson,* 243 F.3d 579, 582 (D.C. Cir. 2001). Instead, this Court must "require[] the FDA to file the administrative record" in order to "determine[] the grounds on which the FDA granted [new drug] application," before the Court assesses the merits. *Id.*[1]

For the foregoing reasons, the plaintiffs respectfully request that the Court order the defendants to certify the administrative record, file it with the Court, and serve it on the plaintiffs.

A proposed order is attached.

---

[1]    Factually, there is no dispute that the Plan B label includes FDA's unprecedented dual Rx-OTC legend, that Plan B previously was Rx-only, and that (unless 21 C.F.R. §310.200(b) itself qualifies as an applicable "regulation") FDA has not acted "by regulation" to remove Plan B from the prescription requirements of FFDCA §503(b)(1). *Compare* Federal Mot. to Dismiss at 34-39, 42-43 *and* Duramed Mot to Dismiss at 22-34, 44-45 *with* Pls.' Opp'n at 36-43. For that reason, the Court can enter judgment on the purely legal aspects of Counts II and VI, without the administrative record. *See* Pls.' Opp'n at 33; FED. R. CIV. P. 12(b)(6), 52(c).

Dated: November 2, 2007          Respectfully submitted,


  /s/ Lawrence J. Joseph
Lawrence J. Joseph, D.C. Bar No. 464777

1250 Connecticut Ave., NW, Suite 200
Washington, DC 20036
Telephone: (202) 669-5135
Telecopier: (202) 318-2254

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS & SURGEONS, INC., *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0668-JDB |
| | ) | |
| FOOD & DRUG ADMINISTRATION, *et al.,* | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DURAMED PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

**[PROPOSED] ORDER**

On considering the plaintiffs' motion on certification of the administrative record, the briefs filed in support and opposition thereto, and the entire record herein, the Court finds that plaintiffs' motion is well taken. For the foregoing reasons, it is hereby

**ORDERED** that plaintiffs' motion is granted; and it is

**FURTHER ORDERED** that, within 30 days of the entry of this Order, the defendants certify the administrative record for the challenged agency actions and inaction, including any and all Executive Branch documents related to: (1) their approval of the Supplemental New Drug Application for levonorgestrel tablets, 0.75 mg (hereinafter "Plan B") for age-bifurcated, dual prescription and over-the-counter distribution; (2) their decision not to pursue the rulemakings considered in their Advanced Notice of Proposed Rulemaking at 70 Fed. Reg. 52,050 (2005); and (3) their consideration of, deliberations over, and responses to the holds that Senators Clinton and Murray placed on Dr. von Eschenbach's confirmation as FDA Commissioner.

Dated: _____, 2007

_____
**UNITED STATES DISTRICT JUDGE**

**Copy to:**

LAWRENCE J. JOSEPH
1250 Connecticut Ave., NW, Suite 200
Washington, DC 20036
Telephone: (202) 669-5135
Telecopier: (202) 318-2254
        ***Counsel for Plaintiffs***

JANE M. LYONS
Assistant United States Attorney
555 Fourth St., N.W. - Room E4822
Washington, D.C. 20530
Telephone: (202) 514-7161
Telecopier: (202) 514-8780
        ***Counsel for Federal Defendants***

RICHARD M. COOPER
ANA C. REYES
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5466
Telecopier: (202) 434-5470
        ***Counsel for Defendant-Intervenor***

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2007, I electronically filed the foregoing "MOTION TO CERTIFY ADMINISTRATIVE RECORD" with the Clerk of the Court using the CM/ECF system, which I understand to have caused service of Jane M. Lyons of the U.S. Attorney's Office for the District of Columbia, on behalf of the federal defendants, and of Richard M. Cooper, on behalf of defendant-intervenor Duramed Pharmaceuticals, Inc..


/s/ Lawrence J. Joseph
Lawrence J. Joseph