UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS, INC., *et al.*, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 07-668 (JDB) |
| FOOD & DRUG ADMINISTRATION, *et. al.*, | ) |
| Defendants, | ) |
| and | ) |
| DURAMED PHARMACEUTICALS, INC., | ) |
| Intervenor-Defendant. | ) |

**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO CERTIFY THE ADMINISTRATIVE RECORD**

Defendants the United States Food and Drug Administration ("FDA"), Andrew C. von Eschenbach, Commissioner of Food and Drugs, and the United States of America, (the "federal defendants" or the "government") oppose the relief sought in plaintiffs' motion to certify the administrative record as premature. Because potentially dispositive motions to dismiss are nearly ripe for disposition without need of an administrative record, plaintiffs' motion should be denied. In short, FDA should not be burdened with producing an administrative record before the Court rules on whether it has jurisdiction and whether plaintiffs have alleged a viable cause of action under the Administrative Procedure Act.

Pending before the Court are motions to dismiss filed by federal defendants and Intervenor-Defendant Duramed Pharmaceuticals, Inc. ("Barr-Duramed").  See Docket Entry Nos. 27-28.[1]  In these motions, all defendants have argued that plaintiffs lack standing, failed to allege a viable cause of action, and failed to exhaust administrative remedies.  Defendants have also asserted that plaintiffs' legal theories underlying four counts of the Amended Complaint are wrong as a matter of law, and those claims may be dismissed without review of the administrative record.  Finally, defendants argued that plaintiffs have improperly named Commissioner von Eschenbach in his individual capacity.

Review of the administrative record is not required to decide the pending motions. Plaintiffs appear to concede that the administrative record is not required for any of the jurisdictional or procedural arguments and for two of the four counts that defendants have moved to dismiss on the merits under Fed. R. Civ. P. 12(b)(6).  See Memorandum of Law in Support of Plaintiffs' Opposition to Motion to Dismiss ("Pls.' Opp." [Docket Entry No. 29]) at 35-36 (contending that the record is required for merits review, but not jurisdictional grounds); Plaintiffs' Motion to Certify Administrative Record ("Pls.' Mot. To Certify " [Docket Entry No. 30]) at 3 n.1 (stating that Counts II and VI can be decided without reference to the administrative record).[2]  Even on the two counts for which plaintiffs claim that record review is required,

---

[1] Plaintiffs have opposed defendants' motions to dismiss the amended complaint plaintiffs filed in response to the federal defendants' initial motion to dismiss.  Defendants are preparing their reply briefs which are currently due to be filed on November 15, 2007.

[2] In addition, the government notes that the APA itself makes clear that it is not necessarily required to file a complete administrative record, a provision that makes perfect sense in cases where the record is voluminous or otherwise contains information not relevant to the dispute before the Court.  The text of the APA itself provides: "In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall

plaintiffs have failed to offer any reason why such review is needed. In any event, because defendants' merits arguments are alternative grounds for dismissal to several other jurisdictional and procedural arguments, the entire case may be dismissed without reaching the merits.

Because the pending motions to dismiss can be decided without reference to the record, there is no need to produce the record at this time. The case law requiring filing of an administrative record uniformly does so only when the courts are scrutinizing the merits of the agency's action and, in so doing, have necessarily concluded already that the APA applies. See, e.g., Overton Park v. Volpe, 401 U.S. 402, 419-20 (1971); American Bioscience, Inc. v. Thompson, 243 F.3d 579, 582-83 (D.C. Cir. 2001) (ordering filing of administrative record so to support district court consideration of likelihood of success on the merits); Biodiversity Legal Found. v. Norton, 180 F. Supp. 2d 7, 11 (D.D.C. 2001) (stating that "*because* the defendants' failure to [act] *does fall within the scope of the APA*, the court will grant the plaintiffs' motion to compel production of the administrative record") (emphasis added); Walter O. Boswell Memorial Hosp. v. Heckler, 749 F.2d 788, (D.C. Cir. 1984) (assuming APA applied before evaluating the completeness of the administrative record). Production of the record should only

---

be taken of the rule of prejudicial error." 5 U.S.C. § 706 (emphasis added). Not only does the statute expressly authorize judicial review on the parts of the record cited by the parties, but the statute separately makes plain that "the rule of prejudicial error" is the proper standard of review, which is plainly inconsistent with any sort of per se rule that an exhaustive administrative record must be filed whenever a plaintiff alleges a cause of action under the APA. See, e.g., Nevada v. Dep't of Energy, 457 F.3d 78, 90 (D.C. Cir. 2006) (applying prejudicial error standard). This is fully consistent with the Court's recently issued Local Civil Rule 7(n), which provides for filing of "an appendix containing copies of those **portions** of the administrative record that are *cited or otherwise relied upon in any* memorandum in support of or in opposition to any *dispositive motion*." See www.dcd.uscourts.gov/LocalRuleChanges041007.pdf (emphasis added).

be required in this case if this Court denies the pending motions and proceeds to review a surviving claim under the APA on summary judgment.

On the other hand, if FDA produces the record now and the Court then grants the pending motions to dismiss, production of the record would have been a fruitless effort. As when discovery is sought while dispositive motions are pending, it is appropriate for the Court to delay pending the outcome of dispositive motions. See Brennan v. Local Union No. 639, International Brotherhood of Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974), cert. denied, 429 U.S. 1123 (1977).[3]

Furthermore, production of the administrative record is a burdensome process which should, at a minimum, be deferred until necessary. Cf. Fed. R. Civ. P. 1 (procedural rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"). First, although the government produced an administrative record in another case involving a challenge to FDA's decision-making on Plan B, *Tummino v. von Eschenbach*, No. 05-CV-366 (E.D.N.Y.) (ERK/VVP), the scope of the two cases is not identical, and that FDA reasonably anticipates that substantially more work would be involved than simply copying a previously compiled record.[4] Second, because this case involves a challenge to an FDA decision on a drug application, there are prohibitions and limitations on FDA's ability to disclose trade

---

[3] See also O'Brien v. Avco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969) (when "the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions.").

[4] It should be noted, however, that numerous documents from the *Tummino* record have been filed in the public docket for that case, and additional documents are available on FDA's website, so that plaintiffs already have access to a substantial number of documents that would be part of any administrative record compiled in this case.

secret and confidential information submitted by the drug sponsor with a drug application,[5] and the parties would need to negotiate, and request that the Court enter, an appropriate protective order governing the handling and disclosure of such information belonging to Barr-Duramed.

Accordingly, production of the administrative record should occur only after the Court determines that it has jurisdiction and that plaintiffs have alleged a viable cause of action.  The scope of the administrative record could be impacted by any decision.  If this case reaches the point where an administrative record is needed, FDA would promptly prepare the record and enter negotiations with the other parties regarding an appropriate protective order.  The Court should, therefore, deny plaintiffs' motion to certify the record without prejudice at this time.

Dated: November 15, 2007.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

 /s/
JANE M. LYONS, D.C. Bar. # 451737
Assistant United States Attorney
555 Fourth St., N.W. - Room E4822
Washington, D.C.  20530
Phone: (202) 514-7161

---

[5] See 21 U.S.C. 331(j); 18 U.S.C. § 1905; 21 C.F.R. § 20.61; 21 C.F.R. § 314.430.

OF COUNSEL:

DANIEL MERON
General Counsel

GERALD F. MASOUDI
Associate General Counsel, Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation

KAREN E. SCHIFTER
Associate Chief Counsel, Litigation
U.S. Dept. of Health & Human Services
Office of the General Counsel