**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS & SURGEONS, INC., *et al.,* | ) ) ) |
| Plaintiffs, | ) |
| v. | )     Civil Action No. 07-0668-JDB |
| FOOD & DRUG ADMINISTRATION, *et al.,* | ) ) |
| Defendants, | ) |
| and | ) |
| DURAMED PHARMACEUTICALS, INC., | ) ) |
| Defendant-Intervenor. | ) |

**REPLY BRIEF IN SUPPORT OF**
**MOTION TO CERTIFY ADMINISTRATIVE RECORD**

In opposition to plaintiffs' motion to compel their filing the certified administrative record, the federal defendants – namely, the Food & Drug Administration ("FDA"), its Commissioner, and the United States – make four main arguments:

1.    That plaintiffs apparently concede that the Court does not require the administrative record to address the jurisdictional or procedural bases for dismissal;

2.    That courts do not need an administrative record until they determine that a plaintiff asserts a cause of action under the Administrative Procedure Act ("APA");

3.    That courts appropriately can defer certification of the record, as they appropriately can defer discovery, pending their dispositive motions; and

4.    That this Court should deny plaintiffs' motion without prejudice and decide the pending motions to dismiss, which could affect the scope of the administrative record.

*See generally* FDA Opp'n, at 1-5 (docket item #32). Defendant-intervenor Duramed Pharmaceuticals, Inc. ("Duramed") filed an opposition to plaintiffs' motion, which merely adopts the arguments made by the federal defendants. Duramed Opp'n, at 1 (docket item #34).

After re-summarizing the background facts, plaintiffs rebut these four arguments. This action challenges the substantive and procedural lawfulness of FDA's approval of a Supplemental New Drug Application ("SNDA") for levonorgestrel tablets, 0.75 mg (hereinafter "Plan B") for age-bifurcated, dual prescription ("Rx") and over-the-counter ("OTC") distribution. During the processing of that SNDA, FDA issued an advanced notice of proposed rulemaking ("ANPRM") to seek comments on its authority to proceed with a dual Rx-OTC SNDA without rulemaking and the propriety of doing so. *See* 70 Fed. Reg. 52,050-51 (2005). Plaintiffs commented in the ANPRM process, First Am. Compl. ¶27[1] (docket item #26), which FDA terminated abruptly, as a *quid pro quo* to release two Senate holds on Commissioner von Eschenbach's confirmation. First Am. Compl. ¶¶73-75.

I.    **THIS COURT NEEDS THE ADMINISTRATIVE RECORD TO DETERMINE ITS JURISDICTION**

The defendants argue that plaintiffs appear to have conceded that the Court does not need the administrative record to rule on its jurisdiction or plaintiffs' procedural arguments. FDA Opp'n, at 2 (*citing* Pls.' Opp'n to Mot. to Dismiss, at 35-36 (docket item #29); Pl's Mot. to Certify Record, at 3 n.1 (docket item #30). First, plaintiffs argued that the Court can reach the merits of Counts II and VI without the administrative record because the public record is clear that Plan B's label bears the dual Rx-OTC legend, which FDA did not accomplish via rulemaking. *See* Pls.' Opp'n to Mot. to Dismiss, at 35-36; Pl's Mot. to Certify Record, at 3 n.1; *see also Way of Life Television Network, Inc. v. F.C.C.,* 593 F.2d 1356, 1359-60 (D.C. Cir. 1979) (allowing judicial review without first presenting issues to agency where "public record indicates

---

[1]    Members of Safe Drugs for Women commented. *Id.*

conclusively that the cut-off date was not properly published and the agency does not contend

otherwise"). Of course, if it lacks subject-matter jurisdiction, this Court should not reach the

merits at all, except as necessary to determine its jurisdiction. *Steel Co. v. Citizens For a Better

Env't,* 523 U.S. 83, 89-90 (1998).[2] Further, for several reasons, the administrative record is a

prerequisite to holding that this Court *lacks* jurisdiction.[3]

With respect to standing, Duramed makes a series of unsupported factual arguments to

rebut the alleged burdens that Plan B's "CARE" distribution program imposes on pharmacists.

Duramed Mot. to Dismiss, at 17-18 & n.15 (docket item #27). Significantly, neither plaintiffs nor

the Court have a copy of the CARE program, which would enable them to assess burdens

attributable to Plan B's approval versus those attributable to third-parties (*e.g.,* state boards of

pharmacy, employers).

With respect to exhaustion of administrative remedies, both FDA and Duramed argue

that plaintiffs needed to raise their issues in an FDA administrative proceeding under 21 C.F.R.

pt. 10. FDA Mot. to Dismiss, at 32-34; Duramed Mot. to Dismiss, at 19-21. While FDA and

Duramed consider plaintiffs "strangers to the proceeding that led to the [SNDA approval],"

Duramed Reply in Support of Dismissal, at 21 (docket item #33), the plaintiffs participated in

---

[2]    Because standing merges with the merits of Counts II and VI, the Court may reach the merits of those counts as part of its determination of standing. *See* Pls.' Opp'n to Mot. to Dismiss, at 2-3 (*citing Land v. Dollar,* 330 U.S. 731, 735 & n.4 (1947) *and Herbert v. National Academy of Sciences,* 974 F.2d 192, 198 (D.C. Cir. 1992)); *id.* at 35 (referencing same).

[3]    Counsel for FDA and counsel for Duramed advised plaintiffs' counsel that they do not consider Local Rule 7(n) to apply at this stage of the proceedings. Without the certified administrative record, the plaintiffs cannot meet their obligations under Local Rule 7(n)(2) and the Comment to Local Rule 7(n) to provide an appendix that retains the administrative record's original pagination. Plaintiffs will defer taking action under Rule 7(n)(2) until after FDA files a certified, paginated copy of the administrative record, or as otherwise directed by the Court.

that proceedings via the ANPRM, *see* First Am. Compl. ¶¶27, 73-75, and the ANPRM record is part of the administrative record for the SNDA approval. First Am. Compl. ¶72; Pls.' Opp'n to Mot. to Dismiss, at 32 n.14 ("FDA cannot argue that the Court must limit itself to arguments made during the administrative proceedings without first producing the administrative record") (*citing State of Ohio v. EPA,* 838 F.2d 1325, 1329 (D.C. Cir. 1988); *Safir v. Kreps,* 551 F.2d 447, 452 (D.C. Cir. 1977) ("[s]o long as the appellant or some other party has put an objection on the record, the obligation to exhaust is discharged").

Although neither defendant group submitted a certified copy, *see* Fed. R. Civ. P. 44(a)(1), (c), FDA filed a document that purports to be FDA's letter to Duramed on the eve of Dr. von Eschenbach's confirmation hearing. *See* Letter from Andrew von Eschenbach, M.D., Acting Commissioner of Food and Drugs, to Joseph A. Carrado, M.Sc., R.Ph., Duramed Research, Inc., at 1 (July 31, 2006) (Exhibit 8 to FDA's Mot. to Dismiss). That document  supports plaintiffs' theory that FDA internally linked the SNDA approval and the ANPRM process:

> In our August 26, 2005, letter to you we stated that the Agency was unable to reach a decision on the approvability of your application at that time because of unresolved difficult and novel issues raised by your sNDA. On the same day, the Agency issued an Advanced Notice of Proposed Rulemaking (ANPRM) seeking input from the public on certain issues regarding Rx to OTC switches, which related to the regulatory issues raised by your application. The comment period on the ANPRM closed on November 1, 2005, and the Agency received approximately 47,000 comments. FDA then hired a contractor to summarize and categorize the comments, and we received the contractor's final reports on May 19, 2006. FDA has reviewed the comments and, while they have provided the Agency with valuable insights regarding how the Agency might enforce an age-based restriction like the one proposed by your amended sNDA, we concur with the overwhelming majority of the comments (from individuals both for and against the approval of your sNDA) that it is not necessary to engage in rulemaking to resolve the novel regulatory issues raised by your application.

We are now proceeding with further evaluation of your sNDA.

*Id.* In other words, at least in plaintiffs' view, the ANPRM process was an integral component of the SNDA process. If this Court concurs, whether as a matter of fact or as a matter of law, the defendants' exhaustion-of-remedies arguments will evaporate.

Finally, with respect to procedural issues, the administrative record would demonstrate the following relevant issues: (1) what procedural steps FDA took, based on what purported authority, to attempt its Rx-OTC switch: namely, 21 C.F.R. §310.200(b) (which plaintiffs have demonstrated that FDA authoritatively has interpreted to require rulemaking) versus 21 C.F.R. §314.71(c) (which is silent on the rulemaking issue); (2) what conscious decisions FDA took to modify what prior interpretations of its meaningful-difference test, *see* First Am. Compl. ¶81; and (3) which entity, Duramed or FDA, proposed the "behind-the-counter" regime for Plan B, *compare* FDA Mot. to Dismiss, at 40 (Duramed developed CARE) *with* FDA Reply in Support of Dismissal, at 22-23 (FDA has maintained since 2004 that bifurcated Rx-OTC marketing may be feasible).

In summary, plaintiffs do not concede that this Court can find a lack of jurisdiction or dismiss the procedural issues without the administrative record. Instead, plaintiffs respectfully submit that this Court requires the administrative record to establish the *absence* of jurisdiction. By contrast, if the Court finds that plaintiffs have established jurisdiction (*e.g.,* via competitive standing for physicians and third-party standing for their patients), there is no need for the record to reach the purely legal merits of Counts II and VI under traditional tools of statutory interpretation (*i.e.,* without "*Chevron*" deference). *See* Pls.' Opp'n to Mot. to Dismiss, at 33-35.

**II.    THE PRESENCE OR ABSENCE OF AN APA ACTION NEITHER INCREASES NOR DECREASES THE NEED FOR THE ADMINISTRATIVE RECORD**

Continuing its misunderstanding of plaintiffs' theories of judicial review,[4] FDA argues that the plaintiffs and the Court should get the administrative record only if this action arises under the APA. *See* FDA Opp'n, at 3-4. Whether under the APA or not, judicial review of FDA's actions depends on the administrative record:

> The validity of the [agency's] action must, therefore, *stand or fall on the propriety of that finding[.]* If that *finding is not sustainable on the administrative record made,* then the [agency's] decision *must be vacated and the matter remanded to [it] for further consideration. See SEC v. Chenery Corp.,* 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

*Camp v. Pitts,* 411 U.S. 138, 143 (1973) (emphasis added). Significantly, "*Chenery I*" predates the APA's 1946 enactment: "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *SEC v. Chenery Corp.,* 318 U.S. 80, 87 (1943). FDA is simply mistaken that the record's availability depends on the APA.

**III.    DEFERAL OF CERTIFICATION (LIKE DEFERAL OF DISCOVERY) IS INAPPROPRIATE WHERE THE ADMINISTRATIVE RECORD GOES TO THE COURT'S JURISDICTION**

The defendants analogize this Court's discretion to defer certification of the administrative record to its discretion in managing discovery. FDA Opp'n, at 4 (*citing Brennan*

---

[4]    In briefing its motion to dismiss, FDA erroneously claims "the parties agree that the only… basis for statutory review is the APA." FDA Opp'n, at 14 (docket item #31). First, like all the other bases that plaintiffs have asserted for judicial review, the APA is a form of *nonstatutory* review (*i.e.,* review under something other than the substantive statute at issue). Clark Byse & Joseph V. Fiocca, *Section 1361 of the Mandamus and Venue Act of 1962 and "Nonstatutory" Judicial Review of Federal Administrative Action,* 81 HARV. L. REV. 308, 321 (1967). Second, as indicated in plaintiffs' opposition to the motions to dismiss, this Court could

*(Footnote cont'd on next page)*

*v. Local Union No. 639, International Brotherhood of Teamsters,* 494 F.2d 1092, 1100 (D.C. Cir. 1974)). While it seems unobjectionable in general litigation to defer unnecessary discovery to allow the resolution of a potentially dispositive motion that does not depend on the discovery, *Brennan,* 494 F.2d at 1100, that has less force where (as here) the agency already has provided the administrative record in other litigation, FDA Opp'n, at 4, and the administrative record is relevant to issues that underlie the dispositive motion. *See* Section I, *supra.* Under the circumstances, this Court should exercise its discretion to require the record sooner, rather than later, by analogy to jurisdictional discovery. *See N.R.D.C. v. Pena,* 147 F.3d 1012, 1024-25 (D.C. Cir. 1998) (remanding for jurisdictional discovery where "record suggests at least one way in which the appellees may be able to establish their standing" but "their complaint and affidavits do not explain how forbidding [agency action] likely would redress their exposure injury" or "make it more likely that some of them could be exposed to increased emissions"); *cf. Edmond v. U.S. Postal Service General Counsel,* 949 F.2d 415, 425 (D.C. Cir. 1991) (reversing stay of jurisdictional discovery because "it is an abuse of discretion to deny jurisdictional discovery" in face of allegations suggesting jurisdiction).

## IV.    DENIAL WITHOUT PREJUDICE WOULD MERELY DELAY THE PROCEEDINGS

The federal defendants ask this Court to deny plaintiffs' motion without prejudice *now* because the Court *may* later dismiss the action in its entirety on jurisdictional grounds or in part on the four counts that the defendants have moved to dismiss on the merits. Defs.' Opp'n, at 5.

---

*(Footnote cont'd from previous page.)*

grant relief under non-APA theories of judicial review (*e.g.,* equity jurisdiction, the *Ex parte Young* doctrine, the Declaratory Judgment Act), in addition to or instead of the APA.

Assuming *arguendo* that the Court will determine that it lacks jurisdiction without referring to the administrative record, the Court could simply defer ruling on this motion until the Court's jurisdictional decision, at which point this motion would become moot in this Court. By contrast, as explained below, if this Court finds jurisdiction for some of plaintiffs' claims, the Court's granting or denying merits relief under Rule 12(b)(6) on Counts II, IV, V, and/or VI will not alter the scope of the administrative record for any surviving counts (*i.e.,* Counts I, III, VII, and VIII).

Although FDA argues that the Court's granting merits relief under Rule 12(b)(6) may alter the scope of the administrative record, Defs.' Opp'n, at 5, it will not. With respect to the relevant administrative record(s), the Complaint's eight counts fall into three categories: (1) the allegedly unlawful approval of the SNDA (Counts I-VI), (2) FDA's allegedly granting that approval under improper political pressure (Count VII), and (3) FDA's allegedly *ultra vires* attempt to limit this Court's jurisdiction by regulation (Count VIII). Because no defendant has sought merits dismissal of Counts I and III (first category) or Count VII (second category), the scope of the record will not change, even if the Court grants merits relief on Counts II, IV, V, and/or VI. Moreover, plaintiffs argue (and FDA appears to agree) that the record for the first category (unlawful SNDA approval) includes the record for the second category (improper political pressure). First Am. Compl. ¶77; FDA Reply in Support of Dismissal, at 19 ("plaintiffs have brought a separate count alleging that FDA's action was arbitrary and capricious because of political pressure, which the Court may consider at a later stage if this litigation continues"). Contrary to FDA's assertion, its Rule 12(b)(6) motion will not alter the record's scope.

With regard to Count VIII, no administrative record is necessary. If the Court has jurisdiction to hear any of plaintiffs' other claims, this Court also has jurisdiction to hear

plaintiffs' challenge to FDA's and Duramed's attempt *to apply* FDA's regulations to oppose plaintiffs' litigation:

> The question in *Ohio* was whether the petitioners had exhausted their administrative review, not whether they were estopped from advancing an argument in a different proceeding. Nothing in *Ohio* or any other authority prevents Murphy from pursuing its claim in a second forum, *i.e.,* apart from the original rulemaking, if such a forum is otherwise available. As we have held before, such a forum is available to a party when a rule is "brought before this court for review of further [agency] action applying it."

*Murphy Exploration and Production Co. v. U.S. Dept. of Interior,* 270 F.3d 957, 958-59 (D.C. Cir. 2001) (*quoting Functional Music, Inc. v. FCC,* 274 F.2d 543, 546 (D.C. Cir. 1958), alteration in original). Because plaintiffs challenge the *application* of FDA's purportedly mandatory exhaustion regime, and not its *promulgation,* the exhaustion requirements do not apply. *Id.* Accordingly, this Court does not need any record to review the lawfulness of FDA's regulations, as applied to limit this Court's jurisdiction.

## CONCLUSION

For the foregoing reasons, the plaintiffs respectfully request that the Court order the defendants to certify the administrative record, file it with the Court, and serve it on the plaintiffs. If the Court finds that the pending motions to dismiss make it premature to compel production of the record, rather than deny the motion without prejudice as FDA argues, FDA Opp'n, at 5, the Court more efficiently could simply defer ruling on this motion until the Court rules on the motions to dismiss. Simultaneous with that ruling, the Court could then grant this motion (if plaintiffs' action survives) or deny this motion as moot (if the Court dismisses the entire action).

Dated: November 26, 2007                 Respectfully submitted,


                                         /s/ Lawrence J. Joseph
                                         Lawrence J. Joseph, D.C. Bar No. 464777

                                         1250 Connecticut Ave., NW, Suite 200
                                         Washington, DC 20036
                                         Telephone: (202) 669-5135
                                         Telecopier: (202) 318-2254

                                         *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2007, I electronically filed the foregoing "Reply Brief in Support of Motion to Certify Administrative Record" with the Clerk of the Court using the CM/ECF system, which I understand to have caused service of Jane M. Lyons of the U.S. Attorney's Office for the District of Columbia, on behalf of the federal defendants, and of Richard M. Cooper, on behalf of defendant-intervenor Duramed Pharmaceuticals, Inc..

/s/ Lawrence J. Joseph
Lawrence J. Joseph