UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS & SURGEONS, INC., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>FOOD & DRUG ADMINISTRATION, *et al.*,<br><br>    Defendants,<br><br>    and<br><br>DURAMED PHARMACEUTICALS, INC.,<br><br>    Defendant-Intervenor | Civil Action No. 07-0668-JDB |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs file this notice to advise the Court of the attached unpublished decision on standing in litigation between plaintiff Association of American Physicians & Surgeons, Inc. ("AAPS") and defendant Food & Drug Administration ("FDA") in *AAPS v. FDA,* No. 00-2898-HHK (D.D.C.). On February 10, 2008, the undersigned counsel located this decision and promptly sent a copy to opposing counsel via electronic mail.[1] Although they reserve the right to question the attached decision's relevance to these proceedings, opposing counsel indicated on February 12, 2008, that they do not oppose plaintiffs' filing a notice of supplemental authority to advise the Court of this decision.

---

[1] The reported decisions in the prior *AAPS v. FDA* litigation do not mention the attached decision denying FDA's motion to dismiss, *see, e.g., AAPS. V. FDA,* 226 F.Supp.2d 204 (D.D.C. 2002), and the attached decision does not appear on Westlaw as an unpublished decision. The undersigned counsel found the decision via the Court's electronic case filing system on February 12, 2008. Prior to finding this decision, the undersigned counsel had assumed that – consistent with the FDA policy cited in Paragraph 31 of plaintiffs' First Amended Complaint – FDA had not challenged standing in *AAPS v. FDA,* No. 00-2898-HHK (D.D.C.).

Mutual collateral estoppel applies when a court decides "an issue of fact or law necessary to its judgment" in prior litigation between the parties or their privies. *See U.S. v. Mendoza,* 464 U.S. 154, 158 (1984) (citing *Montana v. U.S.,* 440 U.S. 147, 153 (1979)). The prior *AAPS v. FDA* litigation decided issues of fact and law on (1) the standing of plaintiff AAPS to challenge FDA's decisions on drug approvals, (2) the germaneness of such challenges to "AAPS's objective of protecting the practice of medicine by limiting interference with the physician-patient relationship and by ensuring that physicians can provide the best medical care possible," and (3) the suitability of AAPS members, as prescribers of drugs, to enforce the Food, Drug & Cosmetic Act's interest in protecting consumer safety. *See AAPS v. FDA,* No, 00-2898-HHK (D.D.C. Oct. 25, 2001), at 10, 13, 16.

Dated: February 12, 2008            Respectfully submitted,

                                     /s/ Lawrence J. Joseph
                                    Lawrence J. Joseph, D.C. Bar No. 464777

                                    1250 Connecticut Ave., NW, Suite 200
                                    Washington, DC 20036
                                    Telephone: (202) 669-5135
                                    Telecopier: (202) 318-2254

                                    *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February 2008, I electronically filed the foregoing "Notice of Supplemental Authority" and its attachments with the Clerk of the Court using the CM/ECF system, which I understand to have caused service of Jane M. Lyons of the U.S. Attorney's Office for the District of Columbia, on behalf of the federal defendants, and of Richard M. Cooper, on behalf of defendant-intervenor Duramed Pharmaceuticals, Inc.

/s/ Lawrence J. Joseph
Lawrence J. Joseph