UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS & SURGEONS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FOOD & DRUG ADMINISTRATION, *et al.*, <br><br> Defendants, <br><br> and <br><br> DURAMED PHARMACEUTICALS, INC., <br><br> Defendant-Intervenor | Civil Action No. 07-0668-JDB |

## NOTICE OF SUPPLEMENTAL AUTHORITY

At oral argument on the defendants' motions to dismiss, the Court asked plaintiffs to cite authorities in which plaintiffs challenged a variant of a new drug approval (*e.g.,* an NDA, SNDA, or ANDA) without first resorting to a citizen petition under 21 C.F.R. §§10.25, .30. In response, plaintiffs cite the Court to the following reported decisions. *Mova Pharmaceutical Corp. v. Shalala,* 955 F.Supp. 128, 130 (D.D.C. 1997) (district court grants Mova's requested relief against FDA's approval of Mylan's ANDA in suit filed immediately upon grant of ANDA), *aff'd in pertinent part,* 140 F.3d 1060, 1062 (D.C. Cir. 1998); *cf. Stauber v. Shalala,* 895 F.Supp. 1178, 1188-89 (W.D. Wisc. 1995) (allowing consumers to challenge absence of food-labeling requirements in connection with NDA for synthetic bovine growth hormone, after reviewing the administrative record to conclude that the agency reached a final decision on relevant issues).

As indicated in plaintiffs' opposition to the motions to dismiss, the Administrative Procedure Act precludes this Court's requiring plaintiffs to exhaust optional

administrative remedies and administrative remedies that do not stay the challenged approval during the pendency of the agency's reconsideration. Pls.' Opp'n, at 29-31 (docket item #29). As such, plaintiffs respectfully submit that the *Stauber* court's review of the administrative record was unnecessary. To the extent that it approves of the *Stauber* court's resort to the administrative record, this Court should note that the *Stauber* court reviewed the administrative record not only of the NDA itself but also of the proceedings of a related advisory committee. *Stauber,* 895 F.Supp. at 1189 (citing 58 Fed. Reg. 21,314 (1993) (attached)). In this action, plaintiffs allege that the submissions on the advanced notice of proposed rulemaking constitute part of the record, Compl. ¶72, which the *Stauber* decision supports.[1]

Dated: February 22, 2008              Respectfully submitted,

                                            /s/ Lawrence J. Joseph
                                           Lawrence J. Joseph, D.C. Bar No. 464777

                                           1250 Connecticut Ave., NW, Suite 200
                                           Washington, DC 20036
                                           Telephone: (202) 669-5135
                                           Telecopier: (202) 318-2254

                                           *Counsel for Plaintiffs*

---

[1] Plaintiffs apologize for the delay in filing this notice. In the interval since the weekend after oral argument, the flu has run its course through the undersigned counsel's family. Early next week, the plaintiffs plan to move the Court to take judicial notice of *inter alia* relevant portions of the administrative record to establish that plaintiffs raised (and the federal defendants rejected) the four issues on which defendants currently seek merits relief under FED. R. CIV. P. 12(b)(6).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of February 2008, I electronically filed the foregoing "Notice of Supplemental Authority" and its attachment with the Clerk of the Court using the CM/ECF system, which I understand to have caused service of Jane M. Lyons of the U.S. Attorney's Office for the District of Columbia, on behalf of the federal defendants, and of Richard M. Cooper, on behalf of defendant-intervenor Duramed Pharmaceuticals, Inc.

/s/ Lawrence J. Joseph
Lawrence J. Joseph

**21314** Federal Register / Vol. 58, No. 74 / Tuesday, April 20, 1993 / Notices

*Name:* Twenty-seventh National Immunization Conference.

*Times and Dates:* Registration, 12 noon–6 p.m., June 13, 1993; 7:30 a.m.–6 p.m., June 14, 1993; and throughout the conference. Meeting, 8:30 a.m.–6 p.m., June 14, 1993 8 a.m.–5:30 p.m., June 15, 1993 8:30 a.m.–5 p.m., June 16, 1993; 8:30 a.m.–5 p.m., June 17, 1993 8 a.m.–12 noon, June 18, 1993.

*Place:* Omni Shoreham, 2500 Calvert Street, NW., Washington, DC 20008, telephone 202/234–0700.

*Status:* Open to the public, limited only by available space.

*Matters to be Discussed:* Immunization coverage levels among preschool-aged children in the United States; the current status of vaccine development; a global overview of international immunization programs; update on adult immunizations; and the latest information about the epidemiology, prevention, and control of vaccine-preventable diseases with special emphasis on children less than 2 years of age.

*Contact Person for More Information:* Mr. Brent S. Shaw, Chief, Program Support Section, Division of Immunization, NCPS, CDC, 1600 Clifton Road, NE., Atlanta, Georgia 30333, Mailstop E–52, telephone 404/639–2590.

Dated: April 14, 1993.

Elvin Hilyer,

*Associate Director for Policy Coordination, Centers for Disease Control and Prevention (CDC).*

[FR Doc. 93–9153 Filed 4–19–93; 8:45 am]

BILLING CODE 4160-18-M

## National Committee on Vital and Health Statistics (NCVHS) Subcommittee on Mental Health Statistics; Meeting

Pursuant to Public Law 92–463, the National Center for Health Statistics (NCHS), Centers for Disease Control and Prevention (CDC), announces the following committee meeting.

*Name:* NCVHS Subcommittee on Mental Health Statistics.

*Time and Date:* 9 a.m.–4:30 p.m., May 11, 1993.

*Place:* Room 337A–339A, Hubert H. Humphrey Building, 200 Independence Avenue, SW., Washington, DC 20201.

*Status:* Open.

*Purpose:* The subcommittee will hold discussions around potential future subcommittee activities including the collection and analysis of institutional and person-oriented longitudinal data on children and youth with mental disorders, and recent developments in the area of disability statistics.

*Contact Person for More Information:* Substantive program information as well as summaries of the meeting and a roster of committee members may be obtained from Gail F. Fisher, Ph.D., Executive Secretary, NCVHS, NCHS, room 1100, Presidential Building, 6525 Belcrest Road, Hyattsville, Maryland 20782, telephone number 301/436–7050.

Dated: April 14, 1993.

Elvin Hilyer,

*Associate Director for Policy Coordination, Centers for Disease Control and Prevention (CDC).*

[FR Doc. 93–9152 Filed 4–19–93; 8:45 am]

BILLING CODE 4160-18-M

## Food and Drug Administration

[Docket No. 93N–0077]

### Heather Drug Co., et al.; Withdrawal of Approval of 25 Abbreviated New Drug Applications; Correction

**AGENCY:** Food and Drug Administration, HHS.

**ACTION:** Notice; correction.

**SUMMARY:** The Food and Drug Administration (FDA) is correcting a notice, published in the Federal Register of March 3, 1993 (58 FR 12244), that withdrew approval of 25 abbreviated new drug applications (ANDA's). That document inadvertently withdrew approval of ANDA 87–693 for Ergomar Sublingual Tablets (ergotamine tartrate tablets, USP), 2 mg, held by Fisons Corp., P.O. Box 1710, Rochester, NY 14603. This notice confirms that approval of ANDA 87–693 is still in effect, and that the withdrawal of approval of the ANDA was in error.

**EFFECTIVE DATE:** March 3, 1993.

**FOR FURTHER INFORMATION CONTACT:** Lola E. Batson, Center for Drug Evaluation and Research (HFD–360), Food and Drug Administration, 7500 Standish Pl., Rockville, MD 20855, 301–295–8038.

In FR Doc. 93–4792 appearing at page 12244 in the issue of Wednesday, March 3, 1993, the following correction is made on page 12245: In the first column in the table, the entry for ANDA 87–693 is removed.

Dated: April 7, 1993.

Carl C. Peck,

*Director, Center for Drug Evaluation and Research.*

[FR Doc. 93–9111 Filed 4–19–93; 8:45 am]

BILLING CODE 4160-01-F

### Advisory Committee; Notice of Meeting

**AGENCY:** Food and Drug Administration, HHS.

**ACTION:** Notice.

**SUMMARY:** This notice announces a forthcoming meeting of a public advisory committee of the Food and Drug Administration (FDA). This notice also summarizes the procedures for the meeting and methods by which interested persons may participate in open public hearings before FDA's advisory committees.

**MEETING:** The following advisory committee meeting is announced:

### Joint Meeting of the Food and Veterinary Medicine Advisory Committees

*Date, time, and place.* May 6 and 7, 1993, 9 a.m., Holiday Inn Crowne Plaza at Metro Center, Salons C and D, 775 12th St. NW., Washington, DC.

*Type of meeting and contact person.* Open committee discussion, May 6, 1993, 9 a.m. to 1 p.m.; open public hearing, 1 p.m. to 5 p.m., unless public participation does not last that long; open committee discussion, May 7, 1993, 9 a.m. to 5 p.m.; Lynn A. Larsen, Center for Food Safety and Applied Nutrition (HFS–5), Food and Drug Administration, 200 C St. SW., Washington, DC 20204, 202–205–4727, or Catherine M. DeRoever, Advisory Committee Staff (HFS–22), 202–205–4251, FAX 202–205–4970.

*General function of the committees.* The Food Advisory Committee provides advice on emerging food safety, food science, and nutrition issues that FDA considers of primary importance in the next decade. The Veterinary Medicine Advisory Committee reviews and evaluates available data concerning safety and effectiveness of marketed and investigational new animal drugs, feeds, and devices for use in the treatment and prevention of animal disease and increased animal production.

*Agenda—Open public hearing.* Interested persons may present data, information, or views, orally or in writing (facsimiles will be accepted), on issues pending before the committee. Those desiring to make formal presentations should notify the contact person by close of business May 3, 1993, and submit a brief statement of the general nature of the evidence or arguments they wish to present, the names and addresses of proposed participants, and an indication of the approximate time required to make their comments. If necessary, comments may be limited to 5 minutes.

*Open committee discussion.* The committees will discuss possible labeling of foods derived from cows receiving supplemental bovine somatotropin (BST).

FDA public advisory committee meetings may have as many as four separable portions: (1) An open public hearing, (2) an open committee discussion, (3) a closed presentation of data, and (4) a closed committee deliberation. Every advisory committee meeting shall have an open public

Federal Register / Vol. 58, No. 74 / Tuesday, April 20, 1993 / Notices    21315

hearing portion. Whether or not it also includes any of the other three portions will depend upon the specific meeting involved. There are no closed portions for the meetings announced in this notice. The dates and times reserved for the open portions of each committee meeting are listed above.

The open public hearing portion of each meeting shall be at least 1 hour long unless public participation does not last that long. It is emphasized, however, that the 1 hour time limit for an open public hearing represents a minimum rather than a maximum time for public participation, and an open public hearing may last for whatever longer period the committee chairperson determines will facilitate the committee's work.

Public hearings are subject to FDA's guideline (subpart C of 21 CFR part 10) concerning the policy and procedures for electronic media coverage of FDA's public administrative proceedings, including hearings before public advisory committees under 21 CFR part 14. Under 21 CFR 10.205, representatives of the electronic media may be permitted, subject to certain limitations, to videotape, film, or otherwise record FDA's public administrative proceedings, including presentations by participants.

Meetings of advisory committees shall be conducted, insofar as is practical, in accordance with the agenda published in this Federal Register notice. Changes in the agenda will be announced at the beginning of the open portion of a meeting.

Any interested person who wishes to be assured of the right to make an oral presentation at the open public hearing portion of a meeting shall inform the contact person listed above, either orally or in writing (facsimilies will be accepted), prior to the meeting. Any person attending the hearing who does not in advance of the meeting request an opportunity to speak will be allowed to make an oral presentation at the hearing's conclusion, if time permits, at the chairperson's discretion.

The agenda, the questions to be addressed by the committee, and a current list of committee members will be available at the meeting location on the day of the meeting.

Transcripts of the open portion of the meeting may be requested in writing from the Freedom of Information Office (HFI-35), Food and Drug Administration, rm. 12A-16, 5600 Fishers Lane, Rockville, MD 20857, approximately 15 working days after the meeting, at a cost of 10 cents per page. The transcript may be viewed at the Dockets Management Branch (HFA-305), Food and Drug Administration, rm. 1-23, 12420 Parklawn Dr., Rockville, MD 20857, approximately 15 working days after the meeting, between the hours of 9 a.m. and 4 p.m., Monday through Friday. Summary minutes of the open portion of the meeting may be requested in writing from the Freedom of Information Office (address above) beginning approximately 90 days after the meeting.

This notice is issued under section 10(a)(1) and (2) of the Federal Advisory Committee Act (5 U.S.C. app. 2), and FDA's regulations (21 CFR part 14) on advisory committees.

Dated: April 15, 1993.

Ronald G. Chesemore,
*Associate Commissioner for Regulatory Affairs.*
[FR Doc. 93-9258 Filed 4-15-93; 4:50 pm]
BILLING CODE 4160-01-F

---

## DEPARTMENT OF THE INTERIOR

### Bureau of Land Management

[AZ-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-11-A101; AZA-27355]

### Receipt of Conveyance of Mineral Interest Application

**AGENCY:** Bureau of Land Management, Interior.

**ACTION:** Notice of minerals segregation.

**SUMMARY:** The private lands described in this notice, aggregating approximately 3.75 acres, are segregated and made unavailable for filings under the general mining laws and the mineral leasing laws to determine their suitability for conveyance of the reserved mineral interest pursuant to section 209 of the Federal Land Policy and Management Act of October 21, 1976.

The mineral interests will be conveyed in whole or in part upon favorable mineral examination.

The purpose is to allow consolidation of surface and subsurface of minerals ownership where there are no known mineral values or in those instances where the reservation interferes with or precludes appropriate nonmineral development and such development is a more beneficial use of the land than the mineral development.

**FOR FURTHER INFORMATION CONTACT:** Vivian Reid, Land Law Examiner, Phoenix District Office, 2015 West Deer Valley Road, Phoenix, Arizona 85027 (602) 780-8090. Serial Number AZA-27355.

Gila and Salt River Base and Meridian, Pinal County, Arizona

T. 1 N., R. 8 E.,

Sec. 13, SW¼SE¼NE¼NE¼, E½SE¼SW¼NE¼NE¼.

Minerals Reservation—All Minerals

Upon publication of this Notice of Segregation in the Federal Register as provided in 43 CFR 2720.1-1(b), the mineral interests owned by the United States in the private lands covered by the application shall be segregated to the extent that they will not be subject to appropriation under the mining and mineral leasing laws. The segregative effect of the application shall terminate upon: issuance of a patent or deed of such mineral interest; upon final rejection of the application; or two years from the date of publication of this notice, whichever occurs first.

Dated: April 9, 1993.

David J. Miller,
*District Manager.*
[FR Doc. 93-9129 Filed 4-19-93; 8:45 am]
BILLING CODE 4310-32-M

---

[ES-962-4950-13-4513; ES-046011, Group 1, Rhode Island]

### Notice of Filing of Plat of the Trust Lands of the Narragansett Indian Tribe, Washington County, RI

The plat, in five sheets, of the survey of the boundaries of the land held in trust for the Narragansett Indian Tribe in Washington County, Rhode Island, will be officially filed in Eastern States, Springfield, Virginia at 7:30 a.m., on May 21, 1993.

The survey was made upon request submitted by the Bureau of Indian Affairs.

All inquiries or protests concerning the technical aspects of the survey must be sent to the Chief Cadastral Surveyor, Eastern States, Bureau of Land Management, 7450 Boston Boulevard, Springfield, Virginia 22153, prior to 7:30 a.m., May 21, 1993.

Copies of the plat will be made available upon request and prepayment of the reproduction fee of $1.75 per copy.

Dated: April 6, 1993.

Denise P. Meridith,
*State Director.*
[FR Doc. 93-9165 Filed 4-19-93; 8:45 am]
BILLING CODE 4310-GJ-M

---

### National Park Service

### National Register of Historic Places; Notification of Pending Nominations

Nominations for the following properties being considered for listing in the National Register were received by the National Park Service before