UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
ASSOCIATION OF AMERICAN PHYSICIANS  )
AND SURGEONS, INC., *et al.*,       )
                                    )
                  Plaintiffs,       )
                                    )
         v.                         )   Civil Action No. 07-668 (JDB)
                                    )
FOOD & DRUG ADMINISTRATION, *et. al.*,)
                                    )
                  Defendants,       )
                                    )
         and                        )
                                    )
DURAMED PHARMACEUTICALS, INC.       )
                                    )
                  Intervenor-Defendant.)
_____)

**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Federal defendants submit this response to Plaintiffs' Notice of Supplemental Authority to address the exhaustion of administrative remedies question that arose at oral argument and is the subject of plaintiffs' Notice. At oral argument on February 15, 2008, the Court asked whether there are cases in which a plaintiff, other than a drug application sponsor, has challenged an FDA decision on that drug application without first filing a citizen petition. The answer is "yes" – there are such cases -- but those cases arose under circumstances not present here.

FDA regulations require the filing of a citizen petition before bringing suit, 21 C.F.R. § 10.45(b), and there is no FDA regulatory exemption that would excuse that requirement for these plaintiffs in the context of this case. However, as noted in our opening brief, Def's Mem in Support of Mot. to Dismiss (Sept. 21, 2007) at 33 n.23, exhaustion required by agency regulation (as opposed to exhaustion mandated by statute) is not jurisdictional. *McCarthy v. Madigan*, 503 U.S. 140, 144

(1992); *Ass'n of Flight Attendants-CWA v. Chao*, 493 F.3d 155, 159 (D.C. Cir. 2007). Courts have the discretion to decline to apply regulatory exhaustion in certain circumstances, such as where the plaintiff demonstrates that it would be irreparably harmed by delay, that the agency is not empowered to grant effective relief, or that the exhaustion effort would be futile. *See McCarthy*, 503 U.S. at 144-49 (1992); *Ass'n of Flight Attendants-CWA*, 493 F.3d at 158-59.[1]

Accordingly, there have been cases challenging FDA drug approvals in which courts have declined to apply exhaustion based on the circumstances described in *McCarthy v. Madigan*. *See, e.g., Bracco Diagnostics v. Shalala*, 963 F. Supp. 20, 31 (D.D.C. 1997) ("finding plaintiffs faced with irreparable harm, the Court concludes that exhaustion of administrative remedies in the circumstances of this case is not required"). There have been other cases in which the government has not raised the exhaustion defense when it believed *McCarthy v. Madigan* circumstances were present. For example, *Mova Pharm. Corp. v Shalala*, 955 F. Supp. 128, 129, 131 (D.D.C. 1997), *aff'd in part and rev'd in part*, 140 F.3d 1060 (D.C. Cir. 1998), cited in plaintiffs' Notice, arose under expedited circumstances.

Here, however, plaintiffs have failed to demonstrate that any exception to the regulatory exhaustion doctrine applies.[2] This court has held that a plaintiff's "sense of exigency and frustration" is not sufficient to demonstrate immediate injury to bypass FDA's exhaustion requirement. *Garlic v. FDA*, 783 F. Supp. 4, 5 (D.D.C. 1992). This court has also rejected the argument that FDA's having made a determination rendered exhaustion futile, where plaintiff had not invoked administrative process, namely by filing a citizen petition, in an attempt to change that determination. *Estee Lauder,*

---

[1] The court in *Stauber v. Shalala*, 895 F. Supp. 1178, 1189 (W.D. Wis. 1995), cited in plaintiffs' Notice, did not apply this analysis, and did not cite any authority for its alternate exhaustion analysis.

[2] Instead, plaintiffs continue to rely on the inapposite holding of *Darby v. Cisneros*, 509 U.S. 137 (1993), which argument we addressed in our reply brief (at 16-18).

*Inc. v. FDA*, 727 F. Supp. 1, 6-7 (D.D.C. 1989).  Accordingly, plaintiffs here should be required to file a citizen petition and exhaust administrative remedies.

Dated: February 25, 2008.

                                      Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/
JANE M. LYONS, D.C. Bar. # 451737
Assistant United States Attorney
555 Fourth St., N.W. - Room E4822
Washington, D.C.  20530
Phone: (202) 514-7161

OF COUNSEL:
JAMES C. STANSEL
Acting General Counsel

GERALD F. MASOUDI
Associate General Counsel, Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation

KAREN E. SCHIFTER
Associate Chief Counsel, Litigation
U.S. Dept. of Health & Human Services
Office of the General Counsel