UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS & SURGEONS, INC., *et al.,*  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>FOOD & DRUG ADMINISTRATION, *et al.,*  )<br>  )<br>Defendants,  )<br>  )<br>and  )<br>  )<br>DURAMED PHARMACEUTICALS, INC.,  )<br>  )<br>Defendant-Intervenor  ) | Civil Action No. 07-0668-JDB |

## NOTICE OF SUPPLEMENTAL AUTHORITY

At oral argument on the defendants' motions to dismiss, the Court asked plaintiffs to cite authorities in which courts allowed challenging a variant of a new drug approval without first resorting to a citizen petition under 21 C.F.R. §§10.25, .30. In a response filed on February 25, 2007 (docket item #40), the federal defendants cite another relevant case, *Bracco Diagnostics v. Shalala,* 963 F. Supp. 20 (D.D.C. 1997), which undermines their reliance on *Estee Lauder, Inc. v. FDA,* 727 F. Supp. 1, 6-7 (D.D.C. 1989), and on their citizen-petition process generally.

In *Bracco Diagnostics,* Judge Friedman of this Court recognized what the federal defendants appear to concede: namely, that their citizen-petition exhaustion argument depends on agency rules, not statutory authority:

> The Citizen Petition mechanism… is a creature of the FDA, not of Congress. Therefore, because Congress has not required exhaustion, "sound judicial discretion governs" the question whether to require exhaustion of remedies.

*Bracco Diagnostics,* 963 F. Supp. at 30 (citing *McCarthy v. Madigan,* 503 U.S. 140, 144 (1992)). Although FDA had not taken final action on the plaintiffs' citizen petitions (except to deny stay requests), *id.* at 26-27 & n.7, *Bracco Diagnostics* has at least two implications here.

First, *Bracco Diagnostics* directly contradicts *Estee Lauder* on the only point for which *Estee Lauder* has any possible bearing here. *Compare Bracco Diagnostics,* 963 F. Supp. at 30 ("Citizen Petition mechanism… is a creature of the FDA, not of Congress") *with Estee Lauder,* 727 F. Supp. at 7 ("review [of] the issues in the case at this point would encourage disregard for the procedures Congress has established") (interior quotations omitted). In all other respects, *Estee Lauder* is plainly inapposite. It involved the non-final "informal, advisory opinion" of an agency "subordinate," subject to review by "the employee's supervisor" under agency regulations. *Estee Lauder,* 727 F. Supp. at 6 (citing 21 C.F.R. §10.75). Here, by contrast, we have a final agency action by defendant von Eschenbach, to whom §10.75 does not even apply. *See* 21 C.F.R. §10.75(a) ("A decision of an FDA employee, *other than the Commissioner,* on a matter is subject to review by the employee's supervisor") (emphasis added).

To the extent that it has the discretion to consider the defendants' exhaustion arguments under the *McCarthy v. Madigan* factors, *see Bracco Diagnostics,* 963 F. Supp. at 30 (citing *McCarthy v. Madigan,* 503 U.S. at 144), this Court should reject those arguments because "[e]xhaustion is not necessary where the agency is biased or has *predetermined the issue.*" 33 CHARLES ALAN WRIGHT & CHARLES H. KOCH, JR., FEDERAL PRACTICE & PROCEDURE, §8398 (citing *McCarthy v. Madigan*, *supra*) (emphasis added). Here, the agency and its Commissioner have predetermined the issues, and the only questions involve the lawfulness of those final determinations. Thus, under *Bracco Diagnostics,* judicial review is entirely appropriate now, without repeating comments that the federal defendants already have rejected.

Second, because the agency drafted its citizen-petition regulations without statutory authority for a mandatory exhaustion requirement, *Bracco Diagnostics,* 963 F. Supp. at 30, those regulations are unlawful as applied to deny or defer review here. While §704 plainly contem-

2

plates exhaustion "required by statute or *by agency rule,*" Fed'l Defs.' Reply, at 16-17 (quoting *Darby v. Cisneros,* 509 U.S. 137, 153 (1993)) (federal defendants' emphasis) (docket item #31), such agency rules must make the initial decision "inoperative" pending review. *Darby,* 509 U.S. at 152. "Otherwise, the initial decision becomes final and the aggrieved party is entitled to judicial review." *Id.; accord id.* at 148 n.10 ("[§704] embodies the doctrine of exhaustion of administrative remedies.... Agency action which is finally operative and decisive is reviewable") (quoting Attorney General's Manual on the Administrative Procedure Act 103 (1947)). Because the purportedly mandatory regulations do not stay the effectiveness of the agency action, that regulatory attempt to deny or defer the Administrative Procedure Act's right of review is unlawful: "Courts are not free to impose an exhaustion requirement as a rule of judicial administration where the agency action has already become 'final' under [§704]." *Darby,* 503 U.S. at 154.[1]

Dated: February 27, 2008                    Respectfully submitted,

                                             /s/ Lawrence J. Joseph
                                            Lawrence J. Joseph, D.C. Bar No. 464777

                                            1250 Connecticut Ave., NW, Suite 200
                                            Washington, DC 20036
                                            Telephone: (202) 669-5135
                                            Telecopier: (202) 318-2254

                                            *Counsel for Plaintiffs*

---

[1] Family and personal health issues since last Friday afternoon have significantly consumed the undersigned counsel's time, which has delayed the plaintiffs' plan to move the Court to take judicial notice of *inter alia* relevant portions of the administrative record to establish that plaintiffs raised (and the federal defendants rejected) the four issues on which defendants currently seek merits relief under FED. R. CIV. P. 12(b)(6).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February 2008, I electronically filed the foregoing "Notice of Supplemental Authority" with the Clerk of the Court using the CM/ECF system, which I understand to have caused service of Jane M. Lyons of the U.S. Attorney's Office for the District of Columbia, on behalf of the federal defendants, and of Richard M. Cooper, on behalf of defendant-intervenor Duramed Pharmaceuticals, Inc.

/s/ Lawrence J. Joseph
Lawrence J. Joseph