## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Civil Action No. 07-668 (JDB) |
| | ) |
| FOOD & DRUG ADMINISTRATION, *et. al.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| DURAMED PHARMACEUTICALS, INC. | ) |
| | ) |
| Intervenor-Defendant. | ) |
| | ) |

### FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ALTER AND AMEND JUDGMENT, FOR JUDGMENT ON PARTIAL FINDINGS, FOR RECONSIDERATION OF DISMISSAL, AND FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT

On March 4, 2008, after the parties had a full opportunity to present their views in lengthy briefing and oral argument, the Court dismissed this case on the grounds that plaintiffs lacked standing and failed to exhaust administrative remedies. Plaintiffs are now attempting another bite at the apple by moving to amend the judgment and for leave to file an amended and supplemental complaint. Plaintiffs, however, have failed to meet their burden of establishing a justification for reopening the judgment – such as, excusable neglect, a change in the controlling law, newly discovered evidence, clear error, or manifest injustice.

Moreover, neither plaintiffs' dense motion nor voluminous exhibits casts any doubt on the soundness of the Court's dismissal of this case. Indeed, plaintiffs devote substantial argument to matters having nothing to do with their lack of standing as found by the Court and

fail to show any binding authority or pertinent factual matters in the record at the time of the decision that the Court disregarded.  As for the supposedly new material plaintiffs belatedly seek to inject into this case after it has been pronounced dead, not only should plaintiffs have identified it much sooner if they wanted the Court to consider it but also the material is not new and, in any event, is woefully insufficient to revive this action.  Accordingly, plaintiffs' motion should be denied.

## I.      PLAINTIFFS HAVE FAILED TO ESTABLISH GROUNDS FOR AMENDMENT OF OR RELIEF FROM JUDGMENT.

Under Fed. R. Civ. P. Rule 59(e), the moving party has the burden of establishing that an intervening change in the controlling law, newly discovered evidence, clear error, or manifest injustice compels a change in a prior decision.  *Messina v. Krakower*, 439 F.3d 755, 758-59 (D.C. Cir. 2006); *National Ctr. for Mfg. Sciences v. DOD*, 199 F.3d 507, 511 (D.C. Cir. 2000); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)); *Long v. Howard Univ.*, 512 F. Supp. 2d 1, 26 (D.D.C. 2007); *Ctr. for Pub. Integrity v. FCC*, 515 F. Supp. 2d 167, 168 (D.D.C. 2007); *Mobley v. Cont'l Cas. Co.*, 405 F. Supp. 2d 42, 45 (D.D.C. 2005).  Similarly, a motion for relief from judgment under Rule 60(b) requires the moving party to establish grounds such as mistake, excusable neglect, newly discovered evidence, the judgment is void because, for example, the court lacked jurisdiction, or other "extraordinary circumstances."  *See Liljeberg v. United States*, 486 U.S. 847, 863-64 (1988) (explaining that 60(b)(6) requires extraordinary circumstances); *Sieverding v. ABA*, 239 F.R.D. 5, 8 (D.D.C. 2006) (describing grounds for Rule 60(b) motion).  A motion pursuant to Rule 60(b) should be denied unless the moving party can demonstrate a meritorious claim or defense to the motion upon which the Court originally

dismissed the complaint. *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995).  In this regard, plaintiffs must demonstrate that vacating the previously entered judgment "will not be an empty exercise or a futile gesture." *Id*.

Such motions are discretionary and disfavored. *See Long*, 512 F. Supp. 2d at 26; *Ctr. for Pub. Integrity*, 515 F. Supp. 2d at 168; *Sieverding*, 239 F.R.D. at 8.  It is inappropriate for the moving party to use a reconsideration motion simply to rehash rejected arguments or to present new legal theories, arguments, or evidence that could have been presented earlier. *See Long*, 512 F. Supp. 2d at 26; *Ctr. for Pub. Integrity*, 515 F. Supp. 2d at 168; *Sieverding*, 239 F.R.D. at 8.

Plaintiffs' motion falls well short of the foregoing standards.  Plaintiffs have had ample time to fully develop their case.  Irrespective of any illness suffered by plaintiffs' counsel and his family in late February 2008, plaintiffs have offered no valid justification for not presenting its complete case when it filed the action in April, 2007, filed an amended complaint in August, 2007, filed its opposition brief on October 17, 2007, or any time before or at oral argument on February 15, 2008.  There have been no recent changes in the relevant law or facts that could not, with due diligence, have been presented earlier.  Further, much of plaintiffs' motion is either irrelevant to the issues decided by the Court, or simply a rehash of matters already decided. Because a post-judgment motion is not intended "to give an unhappy litigant one additional chance to sway the judge," *see, e.g., Gerber v. Hoffman La Roche Inc.*, 392 F. Supp. 2d 907, 924 (S.D. Tex. 2005) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)); *Dozier v. Hinds County*, 379 F. Supp. 2d 834, 836 (D. Miss. 2005), plaintiffs' motion is not well founded and should be denied.

A.    Plaintiffs Had Ample Time and Opportunity to Present Their Case.

There have been no extenuating circumstances in this case that might provide a basis for excusable neglect to justify a motion pursuant to Rule 60(b). The administrative action that plaintiffs challenged – FDA's approval of OTC marketing of Plan B to consumers age 18 and older – was issued on August 24, 2006. Plaintiffs waited almost eight months, until April 12, 2007, to file their complaint. The federal defendants and Duramed (at that time a proposed intervenor) moved to dismiss the complaint on June 29, 2007. Plaintiffs requested and obtained an extension of time to oppose that motion until after the Court decided whether Duramed could intervene. Once the extended deadline arrived on August 17, 2007, plaintiffs filed an amended complaint. On September 21, 2007, federal defendants and Duramed again moved to dismiss on substantially the same grounds as they had previously moved. Plaintiffs filed their opposition to the motions to dismiss on October 17, 2007.

Thus, from the time plaintiffs were first put on notice of the grounds for defendants' June 29, 2007 motion to dismiss the initial complaint, plaintiffs had more than 3 1/2 months to conduct legal research, gather facts and documents, and draft their opposition papers. Moreover, by that point, more than one year had passed since the underlying agency action during which time plaintiffs could have developed and gathered support for their theory of the case, including their own standing to bring it. Furthermore, plaintiffs continued to file multiple submissions leading up to oral argument held by the Court on February 15, 2008. The Court accepted it all. Plainly there is no legitimate justification for plaintiffs to be raising new theories, arguments, and evidence for the first time in its March 18, 2008 filing. Because a post-judgment motion is not an appropriate avenue for a "losing party . . . to raise new issues that could have been raised

-4-

previously," *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993), the Court (and defendants) should not be burdened with reopening the case and entertaining new matters and further argument.  Cf. Fed. R. Civ. P. 1.

      B.  Plaintiffs' Motion Improperly Rehashes Arguments that the Court Rejected.

Plaintiffs are attempting to reargue the following issues:

| Plaintiffs' Memorandum of Law on Reconsideration (March 18, 2008) ("P's Recon. Mem. ") [Docket Entry No. 45] | Memorandum Opinion of the Court (March 4, 2008) ("Op.") [Docket Entry No. 42] |
|---|---|
| Standing need not be shown for each count.  P's Recon. Mem. at 16-17. | Standing should be shown for at least one plaintiff  "[f]or each claim."  Op. at 11 (citing *Mountain States Legal Found. v. Glickman*, 92 F.3d 1228, 1232 (D.C. Cir. 1996)). |
| Pharmacist fears of prosecution constitute injury because plaintiffs allege Plan B is misbranded.  P's Recon. Mem. at 17-18. | Pharmacists fears of prosecution are speculative because they have no evidence of any threat of prosecution.  Op. at 20. |
| Allegation of physicians' competitive loss constitutes injury because plaintiffs allege that physicians have been exposed to competition that is unlawful.  P's Recon. Mem. at 18-19. | Competitive loss injury allegations are hypothetical, speculative, and outside the zone of interests of the applicable statutory provisions.  Op. at  16-18. |
| Plaintiffs have informational standing; the Court incorrectly analyzed the case law.  P's Recon. Mem. at 19-21. | Plaintiffs' informational standing theory "is overly expansive and unsupported by the case law they cite."  Op. at 13 (*see also* Op. at 12-15). |
| Physicians can assert third party standing on behalf of patients.  P's Recon Mem. at 21-22.  Associations can assert third party standing based on relationship between its members and third parties.  *Id*. at 23-26. | Plaintiffs have not established third party standing for a myriad of reasons.  Op. at 18-19. |

| | |
|---|---|
| FDA is collaterally estopped by *AAPS v. FDA*, 00-2898 (Oct. 25, 2001) to deny AAPS standing.  P's Recon. Mem. at 22. | At hearing, colloquy between the Court and plaintiffs' counsel made clear that this theory is invalid; otherwise, FDA would be forever estopped from objecting to AAPS' standing no matter the nature of the case or the alleged injury.  Op. at n.2.[1] |
| Plaintiffs have administrative procedural injuries in the denial of opportunity to participate in rulemaking.  P's Recon. Mem. at 22-23. | Plaintiffs have failed to sufficiently allege infringement of a legally protected interest or causal connection to establish procedural standing.  Op. at 21-22. |
| Zone-of-interest test is inapposite to alleged *ultra vires* actions.  P's Recon. Mem. at 26-27. | Plaintiffs' assertion that SNDA approval is *ultra vires* is unavailing because "it is undisputed that FDA has the authority to Rx-to-OTC switches."  Op. at 18 n.4. |
| Physicians' injuries are arguably within the zone of interests broadly construed.   P's Recon. Mem. at 27-28. | Fees for doctor visits not one of the objectives of the applicable statutory provisions and therefore not within the zone of interests.  Op. at 17-18. |
| Plaintiffs are suitable challengers.  P's Recon. Mem. at 28-29. | Physicians' interest are not congruent with intended beneficiaries and therefore they are not suitable challengers.  Op. at 18 n.4. |
| Exhaustion is not required under *Darby v. Cisneros.*   P's Recon. Mem. at 32-33. | *Darby v. Cisneros* is inapplicable.  Op. at  24. |
| Exhaustion would be futile.  P's Recon. Mem. at 33-34. | There is no indication that exhaustion would be futile.  Op. at 28. |

---

[1]  Although plaintiffs now dispute that they conceded this point at oral argument, P's Recon. Mem. at 22, the Court's conclusion that collateral estoppel does not apply here is undoubtedly correct.  Application of the collateral estoppel doctrine requires the same or identical issues.  *Martin v. DOJ*, 488 F.3d 446, 454 (D.C. Cir. 2007).  "[A]n inquiry into standing is a highly case-specific endeavor," *Public Citizen v. FTC*, 869 F.2d 1541, 1546 (D.C. Cir. 1989) (citation and quotation marks omitted), requiring "careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Allen v. Wright*, 468 U.S. 737, 752 (1984).  Because standing depends on a case-specific analysis of the injury and claims, there is no identity of standing issues between cases involving challenges to different agency actions.

Because a Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), each of the above arguments is improper and should not even be considered by the Court. If considered, the Court should reject them for the reasons in its March 4, 2008 Opinion and defendants' prior submissions to the Court.

      C.     Plaintiffs' "New" Arguments, Theories and Evidence Do Not Cast Doubt on Any <u>Of the Court's Determinations</u>.

Even if the Court were to consider the new theories, arguments and evidence, none of these new arguments compels any change to the March 4, 2008 Memorandum Opinion of the Court. Even if the decision here were deemed not to have addressed, because it did not recite, certain of plaintiffs' myriad arguments, whether old or new, alteration of the Court's opinion is unnecessary on this record. *Cf. Grace v. Burger*, 665 F.2d 1193, 1197 n.9 (D.C. Cir. 1981) (remand simply to mention and dismiss arguments would waste judicial resources), *aff'd & rev'd in part on other grounds*, 461 U.S. 171 (1983).

In one newly minted argument, plaintiffs claim that pharmacists risk violating rules of professional conduct by dispensing a misbranded drug and, "*[i]f a court (or agency) adopted a local rule* that requires violating the Rule of Professional Conduct," the pharmacists would have a standing injury. P's Recon. Mem. at 17-18 (emphasis added). FDA has not made and does not make any rules or determinations that require pharmacists to dispense certain medications, as plaintiffs concede in the italicized language. Instead, that is matter to be decided by the pharmacist, his employer, and state and local authorities. Thus, plaintiffs cannot establish that this alleged injury is fairly traceable to the challenged action of FDA, and not some third party.

This theory also fails on the ground that allegations that pharmacists will be professionally disciplined for dispensing Plan B in a manner approved by FDA is purely speculative. *See* Op. at 20 (rejecting analogous argument regarding prosecution of pharmacists).

Another new theory plaintiffs assert is a "civil procedure injury" caused by FDA's efforts to dismiss this case. P's Recon. Mem. at 23. Plaintiffs fail to cite any case that has recognized an injury or claim grounded in an agency defending itself in litigation brought by the allegedly injured party. This is unsurprising given the outlandishness of the proposition.

Plaintiffs assert that a statement made in a 1975 preamble regarding the "opinion of the Commissioner" is a binding waiver by FDA of "constitutional and prudential standing." P's Recon. Mem. at 26. This argument is not new so much as embellished in this brief, *see* Plaintiffs' Mem. of Law in Opp. to MTD (Oct. 17, 2007) [Docket Entry No. 29] at 15, and it does not appear to have been addressed by the Court in its March 4, 2008 Opinion. Plaintiffs have not cited any case in which FDA has been barred from asserting a standing objection based on this preamble statement. Indeed, FDA lacks the authority to waive constitutional and prudential standing because parties may not create jurisdiction by agreement. *See Schering Corp. v. FDA*, 866 F. Supp. 821, 824 (D.N.J. 1994) ("an administrative agency cannot circumvent the requirements for Article III standing nor the requirements for prudential standing where suit has been brought pursuant to Section 702 of the Administrative Procedures Act." ), *aff'd*, 51 F.3d 390 (3d Cir. 1995).

With respect to the exhaustion issue, plaintiffs assert that their participation in an advance notice of proposed rulemaking ("the ANPRM") soliciting public comment on whether rulemaking was necessary to resolve and clarify certain R-only to non-R switch issues, 70 Fed.

Reg. 52050 (Sept. 1, 2005), satisfies its administrative exhaustion obligation.  However, the

ANPRM was not limited to Plan B but instead related more broadly to Rx-OTC switches.

Moreover, after reviewing the comments on the ANPRM, FDA determined, on July 31, 2006, to

proceed with its evaluation of the Plan B SNDA without first taking any action on the ANPRM.

Def. Ex. 8 to Gov.'s MTD [Docket Entry No. 28].  FDA decided the SNDA the following month.

Thus, although the two proceedings had some legal issues in common, they were never joined,

nor were they procedurally or substantively the same.  Furthermore, plaintiffs brought this

lawsuit to vacate FDA's SNDA decision, not to require further action on the ANPRM.  Thus,

plaintiffs cannot rely on their participation in the ANPRM proceeding to satisfy their exhaustion

requirement with respect to their objections to FDA's approval of the Plan B SNDA.

       Plaintiffs also tout a statement allegedly made by Hillary Clinton on the campaign trail

regarding her intentions with respect to voting to approve the appointment of an FDA

Commissioner.  P's Recon. Mem. at 44-45.  Whatever probative value (and the government

submits it has none) such hearsay may have to determine whether FDA's SNDA approval

decision was arbitrary and capricious, the Court correctly never reached that issue because it

relates exclusively to the merits of a claim.  The statement is wholly irrelevant to the threshold

standing and administrative exhaustion issues decided by the Court.  Accordingly, Senator

Clinton's alleged remark should be disregarded in this context because it is not new evidence.

       Thus, even were the Court to consider the new arguments and evidence, none would

compel a change to its dismissal order.

D.    Some of Plaintiffs' Arguments are Irrelevant to Standing and Exhaustion and Thus Provide No Basis for Reconsideration.

Plaintiffs' brief contains sections devoted to issues that are not germane to the grounds upon which the Court dismissed the case.  Perhaps most remarkably, plaintiffs include an extensive discourse on sovereign immunity, P's Recon. Mem. at 11-16, even though the government has not contested the existence of a valid waiver of sovereign immunity.[2]  Plaintiffs also address subject matter jurisdiction and jurisdiction for injunctive and declaratory relief.  *Id.* at 10-11.  Because these matters need not be addressed in light of plaintiffs' lack of standing, the Court should disregard these arguments.

Plaintiffs also discuss certain of their counts that defendants had argued, in the alternative, could be dismissed on the merits at this stage of the proceeding if plaintiffs had been able to establish standing.  P's Recon. Mem. at 34-44.  The Court declined to reach these issues in its March 4, 2008 Opinion.  Plaintiffs now suggest that the Court consider these merits arguments as part of its overall reconsideration of the case.  P's Recon. Mem. at 10, 44.  Plaintiffs fail to explain, however, how these merits issues relate to the threshold jurisdictional issues decided by the Court.  That is, even assuming for purposes of argument that plaintiffs were correct that FDA's SNDA approval was procedurally or statutorily improper, plaintiffs still could not show that any of these plaintiffs have been injured.  Without standing, the merits should not be addressed.  *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1191-92 (2007).

---

[2]  In their motion to dismiss the amended complaint, federal defendants stated: "The APA, 5 U.S.C. § 702, operates as a waiver of sovereign immunity for any suit seeking non-monetary relief against a United States agency or officer acting in an official capacity even if the cause of action is not brought under the APA."  Gov's MTD at 45 [Docket # 28].

## II.    LEAVE TO FILE A FURTHER AMENDED AND SUPPLEMENTAL COMPLAINT SHOULD BE DENIED AS FUTILE.

None of plaintiffs' arguments for filing the proposed second amended complaint have merit.  Plaintiffs concede that granting leave to file a post-dismissal amended complaint is warranted only where plaintiffs first prevail on its motion to amend or alter judgment pursuant to Fed. R. Civ. P. 59(e).  P's Recon. Mem. at 7.  *See also Firestone*, 76 F.3d at 1208.  As explained above, plaintiffs have failed to establish any grounds for amending the judgment, and that failure alone warrants denying their motion for leave to further amend.

Even if the Court were to further consider the motion for leave to amend or supplement, however, it should reach the same result because the amendment would be futile.  *See id.* (futility is appropriate ground for refusing leave to amend complaint).[3]  Although courts will permit post-dismissal amendments to cure pleading defects, plaintiffs' complaint here cannot be so easily cured because the defects lie in the underlying case, not the pleading.  The Court correctly found plaintiffs lacked standing to bring this lawsuit and failed to follow FDA's regulations in

---

[3]    *See, e.g., Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996); *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  An amendment is considered a "futile gesture" if it could not survive a dispositive motion.  *James Madison Ltd.*, 82 F.3d at 1099; *Atchison v. District of Columbia*, 73 F.3d 418, 425-26 (D.C. Cir. 1996). Supplemental pleadings raise matters which occur after the lawsuit has begun.  Fed. R. Civ. P. 15(d).  Their inclusion in an existing case always requires leave of the Court. *Young Women's Christian Ass'n v. Allstate Ins. Co.*, 214 F.R.D. 1, 3 (D.D.C. 2003) ("Supplements under Rule 15(d) always require leave of the court, and the court has broad discretion in determining whether to allow supplemental pleadings in the interests of judicial economy and convenience."), citing *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002).  Supplemental pleadings are distinguished from amendments: amended pleadings cover matters that occurred before filing of original pleading, but which were overlooked at that time.  *E.g., Owens-Illinois, Inc. v Lake Shore Land Co.*, 610 F.2d 1185 (3rd Cir. 1979).  Either way, the absence of standing by the same plaintiffs who filed the initial complaint would doom the proposed amended and supplemental complaint to instant dismissal because plaintiffs' motion fails to demonstrate that they have included new allegations which could establish their standing.

exhausting administrative remedies; the proposed second amended complaint does not "cure" those underlying deficiencies.

Plaintiffs offer in summary fashion several different purported justifications for their amended complaint. Plaintiffs claim they have "newly discovered evidence" in the form of a transcript and video of a speech given by Hillary Clinton on July 17, 2007. In addition to the fact that, as noted above, the content is wholly irrelevant to the issues decided by the Court, this evidence is not "new." Given that plaintiffs' complaint focused on allegations concerning Mrs. Clinton's political influence on FDA, plaintiffs with due diligence should have been able to discover a July 2007 speech sooner than January 2008. Moreover, plaintiffs' counsel admits to having received the transcript on January 23, 2008, P's Recon. Mem. at 7, Ex. 2 ¶ 7s, and offers no valid reason for waiting until after oral argument to submit this material to the Court.

Plaintiffs contend that the Court misapprehended the record on exhaustion based on defendants' representations. P's Recon. Mem. at 45. However, plaintiffs had ample opportunity to furnish information to the Court and failed to do so in a timely manner. Op. at 23 n.5; *see Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 247 (D.C. Cir. 1987) (denial of a motion to amend is fully warranted when a significant amount of time has passed and the movant has had plenty of opportunity to raise the issues). Moreover, as discussed above, the ANPRM process was procedurally and substantively separate from the SNDA process and therefore does not satisfy FDA's regulatory exhaustion requirement.

Plaintiffs appear to suggest that, if the Court were correct that plaintiffs lacked standing, and therefore the Court lacked jurisdiction, then the Court's lack of exhaustion finding would be void. *See* P's Recon. Mem. at 45. This argument fails to take into account the common district

court practice of deciding cases on alternate grounds.  The fact that the Court found alternate grounds for dismissing the case simply means that there are two threshold barriers that plaintiffs failed to overcome.  It defies logic to assert that one ground voids the other and thus warrants relief from judgment.  Moreover, judicial economy is served by including both reasons for dismissal.

Plaintiffs argue that certain amendments to the FDCA enacted in September 2007 that require public disclosure of FDA's pediatric assessments merit amending the complaint, P's Recon. Mem. at 21 n.4, 45, even though these provisions do not apply retroactively to an application approved in August 2006.  *See, e.g.,* 21 U.S.C. § 355c(g)(2) ("on or after the date of the enactment of the Pediatric Research Equity Act of 2007"), (h)(2) ("Beginning on the date of the enactment of the Pediatric Research Equity Act of 2007").  Plaintiffs assert that these provisions "would apply and require disclosure of information *if [the] Court vacates [the] SNDA*" and remands the matter to FDA for reevaluation.  P's Recon. Mem. at 21 n.4.  Plaintiffs therefore are implicitly conceding that these 2007 amendments are inapplicable to FDA's 2006 SNDA approval.  Plaintiffs cannot establish standing based on a statute that does not apply to the agency actions being challenged.[4]

---

[4]  Again, plaintiffs offer no valid reason why they failed to advance this theory before oral argument.  Plaintiffs attempt to shift the blame for this delay onto FDA by asserting that FDA violated a duty to disclose the amendment to PREA to the Court.  *See* P's Recon. Mem. at 45.  Plaintiffs' view would improperly shift the burden in our system of advocacy; there is no duty on defense counsel to anticipate and disclose the facts associated with the improbable argument that plaintiffs might make if only they knew about it.  In any event, the fact that PREA was amended after this action was filed is precisely why it has no bearing on the FDA's approval of the SNDA plaintiffs sought to challenge.

Plaintiffs' final arguments are nearly incomprehensible.  Plaintiffs appear to assert that they should be able to amend their complaint to include more *ultra vires* arguments pursuant to Fed. R.Civ.P.15(b).  P's Recon. Mem. at 45.  That rule permits a party to amend its pleadings to conform them to the evidence before the Court.  The government does not understand the rule's supposed application in this context or what point any such amendment would serve.  Finally, plaintiffs argue that the Court should reverse itself because the "standing dismissal essentially constitutes a merits dismissal."  P's Recon. Mem. at 45.  To the extent plaintiffs may be arguing that lack of standing is a mere pleading defect that should not be the basis of the Court's refusal to hear the merits of its claims, (P's Recon. Mem. at 9-10), plaintiffs fail to appreciate the import of Article III of the Constitution.  The lack of standing deprives this Court of jurisdiction and requires dismissal of the case.  Fed. R. Civ. P. 12(h)(3); *see Air Courier Conference of Am. v. American Postal Workers Union, AFL-CIO*, 498 U.S. 517, 531 (1991) (Stevens, J., concurring in the judgment) (explaining that because jurisdiction is a threshold requirement, dismissal for lack of subject matter jurisdiction represents the "best and narrowest ground" on which courts can resolve this case).[5]  Nothing about the Court's March 4, 2008 dismissal delved into the merits in any way, shape or form.

---

[5]  Plaintiffs also move (in their opposition brief and not by way of a separate motion as required by Fed. R. Civ. P. 7(b)(1)) for "judgment on partial findings" as to Counts II, IV, VI and VIII  without citing any authority that would allow them to seek judgment after the case has been dismissed.  Fed. R. Civ. P. 52(c) allows the Court to enter judgment on partial findings "during a trial without a jury."  This case is not presently in that posture, and Rule 52 does not apply.  Moreover, just as with summary judgment, plaintiffs would have to satisfy their evidentiary burden of establishing the Court's jurisdiction.  *See Shays v. FEC*, 414 F.3d 76, 84 (D.C. Cir. 2005) ("[P]arties invoking jurisdiction at summary judgment may not rest on mere allegations, but must set forth by affidavit or other evidence specific facts demonstrating standing.")(citation and internal quotation marks omitted).  This plaintiffs cannot do, and thus, plaintiffs have no procedural vehicle for moving for partial judgment at this time.

## CONCLUSION

For all the above reasons, plaintiffs' motions to amend the judgment and for leave to file

an amended and supplemental complaint should be denied.

Dated: April 1, 2008.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JANE M. LYONS, D.C. Bar. # 451737
Assistant United States Attorney
555 Fourth St., N.W. - Room E4822
Washington, D.C. 20530
Phone: (202) 514-7161

OF COUNSEL:

JAMES C. STANSEL
Acting General Counsel

GERALD F. MASOUDI
Associate General Counsel, Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation

KAREN E. SCHIFTER
Associate Chief Counsel, Litigation
U.S. Dept. of Health & Human Services
Office of the General Counsel