**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **ASS'N OF AM. PHYSICIANS &** |
| **SURGEONS, INC., et al.,** |
| **Plaintiffs,** |
| |
| **v.** |
| |
| **FOOD & DRUG ADMIN., et al.,** |
| **Defendants,** |
| |
| **and** |
| |
| **DURAMED PHARMACEUTICALS, INC.,** |
| **Intervenor-Defendant.** |

Civil Action No.  07-0668 (JDB)

**ORDER**

Pursuant to Fed. R. Civ. P. 59(e) and 60(b), plaintiffs Association of American Physicians & Surgeons, Inc., Concerned Women for America, Family Research Council, and Safe Drugs for Women have moved for reconsideration of the Court's March 4, 2008 memorandum opinion and order dismissing the first amended complaint.  See Ass'n of Am. Physicians & Surgeons, Inc. v. FDA, 539 F. Supp. 2d 4, 24 (D.D.C. 2008).  In that decision, the Court determined that plaintiffs lacked standing to invoke federal court jurisdiction and, in the alternative, that plaintiffs had failed to exhaust their administrative remedies.  The Court will assume familiarity with the facts of this case, which are laid out in full in its earlier opinion.

"'A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Ciralsky v. Cent. Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir.

1996)); see also Mobley v. Cont'l Cas. Co., 405 F. Supp. 2d 42, 45 (D.D.C. 2005) ("A motion for reconsideration . . . will not lightly be granted."). A Rule 59(e) motion "is not simply an opportunity to reargue facts and theories upon which a court has already ruled." New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it "a vehicle for presenting theories or arguments that could have been advanced earlier." Burlington Ins. Co. v. Okie Dokie Inc., 439 F. Supp. 2d 124, 128 (D.D.C. 2006); see also Kattan v. Dist. of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993).

A district court also "enjoys significant discretion in deciding whether to grant or deny a Rule 60(b) motion." Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv., 72 F.3d 897, 903 (D.C. Cir. 1996). Based upon the large measure of discretion that is afforded district courts, "[r]elief under Rule 60(b)(1) motions is rare." Hall v. Cent. Intelligence Agency, 437 F.3d 94, 99 (D.C. Cir. 2006). Moreover, it is well established that Rule 60(b)(6) "relief should be only sparingly used" in "extraordinary circumstances." Computer Prof'ls, 72 F.3d at 903 (quoting Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)).

Here, plaintiffs have mainly used their motion for reconsideration as an inappropriate vehicle to "reargue facts and theories upon which a court has already ruled." New York, 880 F. Supp. at 38. Indeed, for the most part, plaintiffs' forty-six page motion simply repeats every argument that was previously rejected by the Court. To the extent that plaintiffs rehash the same theories, the Court need not repeat here its reasons for again rejecting those arguments.[1]

---

[1]Plaintiffs also devote substantial briefing to the issue of sovereign immunity even though no defendant has ever contested the existence of a valid waiver of sovereign immunity and the Court did not rely on this as a basis for dismissal.

Upset at the Court's conclusions, plaintiffs now contend that the Court erred in failing to assume plaintiffs' merits view during the justiciability analysis. Plaintiffs repeatedly make this assertion, however, without providing any explanation to support a change in the Court's conclusions. Plaintiffs' failure to provide a convincing explanation is unsurprising because throughout the Court's analysis it was well aware that one must "assum[e] the validity of [plaintiffs'] substantive claim at the standing inquiry." Catholic Soc. Serv. v. Shalala, 12 F.3d 1123, 1126 (D.C. Cir. 1994). Assuming the validity of plaintiffs' claims, their alleged injuries nonetheless remain speculative, hypothetical, and conjectural. Hence, plaintiffs' argument does not change the Court's conclusion that plaintiffs' alleged injuries are insufficient to establish Article III standing.

Plaintiffs fare no better with their newly alleged "civil procedure" injury. According to plaintiffs, "litigation is a form of First Amendment petition," and they are therefore suffering a "civil procedure" injury based upon the FDA's efforts to have this case dismissed. Pls.' Mem. at 23. Defendants reject plaintiffs' novel argument as an outlandish proposition and note that "[p]laintiffs fail to cite any case that has recognized an injury or claim grounded in an agency defending itself in litigation brought by the allegedly injured party." Fed. Defs.' Opp'n at 8. The Court agrees that plaintiffs' new theory is without foundation and cannot satisfy Article III's standing requirements.[2]

With regard to the Court's alternative finding of exhaustion, plaintiffs again argue that their participation in the Advance Notice of Proposed Rulemaking process satisfied FDA

_____

[2]Because plaintiffs still fail to satisfy Article III's standing requirements, the Court need not readdress plaintiffs' arguments regarding prudential standing.

exhaustion requirements. Although plaintiffs raised this argument before and repeatedly indicated they would provide evidence to support their contention, it is undisputed that such evidence was never produced to the Court despite ample opportunity to do so. Plaintiffs filed their initial complaint on April 12, 2007. See Docket No. 1. When defendants filed motions to dismiss for lack of standing and failure to exhaust administrative remedies, plaintiffs filed an amended complaint in an attempt to cure their deficiencies. See Docket No. 26. Defendants thereafter again filed motions to dismiss for lack of standing and failure to exhaust administrative remedies. Plaintiffs opposed the motions, participated in a motions hearing before the Court, and filed two supplemental notices following the motions hearing. See Docket Nos. 29, 39, 41. Never did they provide the necessary promised evidence. In light of these numerous opportunities to present all arguments, theories, and evidence, plaintiffs have not demonstrated that they can now put forward evidence that was not previously available to them.

Hence, plaintiffs' attempt to reargue rejected theories is unconvincing. To the extent that plaintiffs have asserted additional arguments in support of standing or exhaustion, they could have been advanced earlier, see Burlington Ins. Co., 439 F. Supp. 2d at 128, and in any event their arguments are also unpersuasive. There has been no intervening change in controlling law, nor have plaintiffs advanced new evidence not previously available to them. Finding nothing in plaintiffs' motion that warrants revisiting its prior decision, the Court will deny plaintiffs' motion for reconsideration.[3]

---

[3]Plaintiffs currently seek leave to file a second amended complaint pursuant to Fed. R. Civ. P. 15. However, plaintiffs concede that post-dismissal amendment is only warranted if plaintiffs meet "the higher standard of Rule 59(e)." Pls.' Mem. at 7 (citing Firestone, 76 F.3d at 1208). Because plaintiffs have not satisfied that standard, the Court will deny plaintiffs' motion for leave to amend the complaint.

The remainder of plaintiffs' motion exceeds the Court's March 4, 2008 memorandum opinion and order, by seeking judgment on the merits against the FDA, its Commissioner, and intervenor-defendant Duramed Research, Inc.  According to plaintiffs, "[i]f this Court reverses its jurisdictional analysis, nothing precludes resolving the merits of Counts II, IV, or VI under either the Rule 12(b)(6) or Rule 52(c) motions."  Pls.' Reply at 5.  Because the Court has not reversed its jurisdictional analysis, however, the Court will not address the merits of the case.  See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 127 S.Ct. 1184, 1191 (2007) ("Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case.") (quotation marks and citation omitted).  Therefore, plaintiffs' motion for judgment on Counts II, IV, and VI will be denied.

Accordingly, upon consideration of [45] plaintiffs' motion to alter and amend judgment, for judgment on partial findings, for reconsideration of dismissal, and for leave to file amended and supplemental complaint, and the entire record herein, and for the reasons explained above, it is hereby

**ORDERED** that [45] plaintiffs' motion is **DENIED**.

**SO ORDERED**.

/s/
_____
JOHN D. BATES
United States District Judge

Dated:   August 22, 2008